1   Andre Y. Bates (SBN 178170) (aybates@dehengsv.com)
     Keliang (Clay) Zhu (SBN 305509) (czhu@dehengsv.com)
2   Yi Yao (SBN 292563) (yyao@dehengsv.com)
3   **DEHENG LAW OFFICES PC**
     7901 Stoneridge Drive, Suite 208
4   Pleasanton, CA 94588
     T: 925-399-6702
5   F: 925-397-1976

6   *Attorneys for Plaintiffs*
7   *Zhuoer Chen, Mengcheng Yu,*
     *Jiarong Ouyang, and Gexi Guo*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHUOER CHEN, an individual; MENGCHENG YU, an individual; JIARONG OUYANG, an individual; and GEXI GUO, an individual;<br><br>          Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security; and TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement;<br><br>          Defendants. | Case No. 3:25-cv-03292<br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

# I.  **INTRODUCTION**

1.        In early April 2025, the U.S. Department of Homeland Security ("DHS"), through U.S. Immigration and Customs Enforcement ("ICE"), initiated a sweeping and unprecedented wave of Student and Exchange Visitor Information System ("SEVIS") terminations against hundreds if not thousands of international students with F-1 visas across the country. [1] SEVIS is a web-based system used by DHS to track and monitor information about nonimmigrant students and exchange visitors in the United States. Termination of their SEVIS records results in irreparable harm and causes a nationwide impact, as the affected students are required to leave the country immediately. They have to abruptly suspend their studies (one of the Plaintiffs is a month away from graduation), end housing arrangements or leases, lose employment authorization, face virtually insurmountable bars when re-entering the U.S. if they depart, and if they have any dependents, their dependents' status is also terminated.

2.        Without notice, explanation, or any form of due process, ICE terminated the student status of individuals who have done nothing more than maintaining academic standing and complying with their visa requirements. Some of the affected students were arrested but never charged or convicted of any offense; others received only minor traffic citations years ago. Many have no record whatsoever. These terminations have occurred without any consistent

---

[1] *See* Vimal Patel, Miriam Jordan, and Halina Bennet, *Nearly 300 Students Have Had Visas Revoked and Could Face Deportation*, N.Y. TIMES, Apr. 7, 2025, https://www.nytimes.com/2025/04/07/us/student-visas-revoked-trump-administration.html; Ely Brown, Erica Morris, and T. Michelle Murphy, *Harvard, UCLA, Stanford among schools across US reporting student visa revocations*, ABC NEWS, Apr. 7, 2025, https://abcnews.go.com/US/harvard-ucla-stanford-schools-us-reporting-student-visa/story?id=120549032;  Annie Ma, *Colleges around the US say some international students' visas are being revoked*, ASSOCIATED PRESS, Apr. 7, 2025, https://apnews.com/article/f1-visa-international-college-student-trump-9d4d900d328a0c205503c1178e70f1d5; Jessica Priest, *15 Texas A&M international students might have quietly lost their ability to stay in the U.S.*, THE TEXAS TRIBUNE, Apr. 8, 2025, https://www.texastribune.org/2025/04/08/texas-am-international-students/; Kelly Meyerhofer and Sophie Carson, *Over 2 dozen international students at University of Wisconsin System schools see visas revoked*, MILWAUKEE JOURNAL SENTINEL, Apr. 9, 2025, https://www.jsonline.com/story/news/education/2025/04/09/student-visas-revoked-for-at-least-27-university-of-wisconsin-students/83008191007/.

1    rationale or legal justification and are entirely arbitrary, violating the most basic principles of

2    fairness and due process.

3        3.    Plaintiffs Zhuoer Chen, Mengcheng Yu, Jiarong Ouyang, and Gexi Guo are

4    highly accomplished international students who have lawfully pursued advanced degrees in the

5    United States under F-1 student status. In April 2025, ICE abruptly and unlawfully terminated

6    the SEVIS records of Plaintiffs and numerous others across the country, despite their full

7    compliance with immigration regulations, clean academic records, and, where applicable, the

8    formal dismissal of any prior legal issues. These terminations were issued without notice,

9    hearing, or legal justification, in violation of the Administrative Procedure Act ("APA"), the

10    Fifth Amendment and the Equal Protection Clause to the U.S. Constitution, and longstanding

11    agency policy.

12        4.    The urgency of this action is reinforced by a recent decision in a closely related

13    case, Liu v. DHS, No. 1:25-cv-00133-LM (D.N.H. Apr. 7, 2025), where the U.S. District Court

14    for the District of New Hampshire granted a Temporary Restraining Order enjoining DHS from

15    enforcing a SEVIS termination against a doctoral student at Dartmouth College. The plaintiff in

16    that case, like the Plaintiffs here, had no criminal record, maintained full compliance with

17    academic and immigration regulations, and received no prior notice before his SEVIS record was

18    abruptly terminated. The court found that such conduct likely violated both the Due Process

19    Clause and the Administrative Procedure Act, emphasizing that visa revocation does not provide

20    a lawful basis for SEVIS termination under 8 C.F.R. § 214.1(d). This ruling illustrates the

21    widespread and unlawful nature of ICE's actions and supports the need for immediate, system-

22    wide judicial relief.

23        5.    This lawsuit seeks declaratory and injunctive relief to halt this unlawful pattern of

24    SEVIS record terminations, restore Plaintiffs' legal status, and prevent further irreparable harm

25    to their educational trajectories, professional futures, and immigration standing. Plaintiffs

26    challenge ICE's actions under the APA for being arbitrary, capricious, and contrary to law, and

27    assert that the lack of due process also violates their constitutional rights under the Fifth

28    Amendment and the Equal Protection Clause. At issue in this case is whether DHS and ICE may

1    unilaterally strip students of lawful status through SEVIS without legal authority, in defiance of

2    regulatory limits set forth in 8 C.F.R. § 214.1(d), and without affording any procedural

3    safeguards.

4                    **II.    JURISDICTION AND VENUE**

5            6.        This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346(b), and the

6    Administrative Procedure Act, 5 U.S.C. §§ 701 et seq. Venue lies in this District under 28 U.S.C.

7    § 1391(e), as Plaintiff Zhuoer Chen resides in and the actions complained of occurred in this

8    District.

9                           **III.    PARTIES**

10            7.        Plaintiff Zhuoer Chen is a student of the Master of Architecture program at the

11    University of California, Berkeley and will graduate next month. She came to the U.S. from

12    China in 2017 to study civil engineering at USC and continued her education through graduate

13    studies in architecture. Her work focuses on reconciling urban design with wildlife habitat

14    preservation. She currently resides in Oakland, California.

15            8.        Plaintiff Mengcheng Yu is a master's student in the Educational Technology and

16    Applied Learning Sciences program at Carnegie Mellon University ("CMU"), and currently

17    resides in Pittsburgh, Pennsylvania. She is a native of China who has lived in the U.S. since age

18    16, graduating from Bard College and New York University before enrolling at CMU. She is set

19    to graduate in August 2025. Her studies focus on the intersection of learning science and

20    interaction design, and she hopes to build a future in education and technology.

21            9.        Plaintiff Jiarong Ouyang is a Chinese national. He is a doctoral candidate in

22    Statistics at the University of Cincinnati, and lawfully resides in Cincinnati, Ohio, having

23    maintained F-1 student status through his full-time enrollment and academic excellence. Mr.

24    Ouyang seeks to join this action to challenge the unlawful termination of his SEVIS record by

25    the Department of Homeland Security, which has jeopardized his education, his ability to

26    support his family, and his future professional opportunities in the United States.

27            10.        Plaintiff Gexi Guo is a Chinese national who earned a Master of Science in

28    Applied Analytics from Columbia University in December 2022, and currently resides in New

York City under lawful F-1 status. He seeks to join this action to challenge the arbitrary and unlawful termination of his SEVIS record, which jeopardizes his legal status, professional trajectory, and personal commitments in the United States.

11.     Defendant Kristi Noem is the Secretary of the Department of Homeland Security and has authority over ICE and Student and Exchange Visitor Program ("SEVP"). She is sued in her official capacity.

12.     Defendant Todd Lyons is the Acting Director of ICE, responsible for SEVP. He is sued in his official capacity.

### IV.    **LEGAL FRAMEWORK**

13.     Under 8 U.S.C. § 1101(a)(15)(F)(i), noncitizens may enter and remain in the United States in F-1 student status to pursue full-time study. The SEVIS system, managed by DHS and ICE through SEVP, is used to track these students.

14.     F-1 student status is distinct from the F-1 visa. A visa governs entry to the United States; SEVIS status governs presence and eligibility to study while in the U.S. Once admitted in F-1 status, students are allowed to remain in the country as long as they maintain compliance with 8 C.F.R. § 214.2(f), including full-time enrollment, authorized employment, and proper academic standing.

15.     DHS regulations provide only limited grounds under 8 C.F.R. § 214.1(d) for agency-initiated termination of status: (1) revocation of a waiver under INA § 212(d)(3) or (4); (2) the introduction of a private bill in Congress to confer lawful permanent residence; or (3) publication in the Federal Register of a finding that the termination is based on national security, diplomatic, or public safety reasons.

16.     ICE's own guidance (Policy Guidance 1004-04) clearly states that visa revocation alone does not justify SEVIS termination. If a visa is revoked after entry, a student may continue their program of study and must simply obtain a new visa prior to re-entry after travel.

17.     Plaintiffs bring this action under the APA and the Declaratory Judgment Act to challenge ICE's illegal termination of their SEVIS records.

///

## V.     FACTUAL ALLEGATIONS

18.     Noncitizens may enter the United States on an F-1 student visa to pursue full-time study at DHS-approved academic institutions. Once admitted, they are granted F-1 student status, which allows them to remain in the U.S. for the duration of their program, provided they comply with federal regulations under 8 C.F.R. § 214.2(f), including maintaining a full course of study and avoiding unauthorized employment.

19.     The SEVP administers the F-1 program through SEVIS, a centralized electronic system that tracks F-1 students. Schools must be SEVP-certified and assign Designated School Officials ("DSOs") who oversee compliance and report status changes in SEVIS.

20.     F-1 students may engage in limited employment through Curricular Practical Training or Optional Practical Training ("OPT"), both governed by regulation. Upon completing their studies and training, students have a grace period to depart or transfer.

21.     F-1 status may be lost in two ways: (1) by failing to comply with student visa conditions (e.g., unauthorized employment), or (2) by agency-initiated termination. The latter is governed strictly by 8 C.F.R. § 214.1(d), which limits such terminations to specific cases involving national security or Congressional action. DHS policy affirms that visa revocation alone does not justify SEVIS termination. Students may continue their studies after visa revocation and need only obtain a new visa before traveling abroad and returning.

22.     Students who fall out of status may apply for reinstatement under 8 C.F.R. §214.2(f)(16), subject to strict conditions. However, SEVIS terminations carry immediate consequences and are not reviewable by immigration judges, making lawful SEVIS management critical to safeguarding students' rights and status. Once a SEVIS record is terminated, the student is deemed to be out of status and must depart the United States immediately. Failure to do so triggers the accrual of "unlawful presence" under immigration law, which can result in multi-year bars to reentry and severely affect the student's ability to lawfully return to the United States in the future. Because these consequences are immediate and irrevocable, and because SEVIS terminations are not subject to review by an immigration judge, lawful and consistent administration of SEVIS is essential to preserving due process and students' legal rights.

23.     In early April 2025, ICE began a sweeping and unexplained pattern of terminating the SEVIS records of international students without notice, justification, or individualized process. These terminations have affected hundreds if not thousands of students nationwide, regardless of whether they had any adverse immigration or criminal history. University officials were similarly left in the dark, reporting a surge in unexpected SEVIS terminations without any prior warning from DHS or ICE. The scope and speed of this operation have created widespread panic among students, many of whom remain in the United States unaware that their legal status has been silently stripped from them.

24.     The plaintiffs in this case—Zhuoer Chen, Mengcheng Yu, Jiarong Ouyang, and Gexi Guo—are all law-abiding students who have never been convicted of any crime, let alone one implicating public safety or national security. They have complied with the terms of their student visas, maintained academic standing, and contributed to their schools and communities. Some have had previous contact with law enforcement resulting in dismissed or expunged charges, while others have no record whatsoever. There is no legal or factual basis for treating these students as threats to public safety or grounds for removal. ICE's decision to terminate their SEVIS records is not only unlawful—it is unsupported by evidence, process, or reason.

25.     Plaintiff Zhuoer Chen will complete her Master of Architecture at UC Berkeley in May 2025. Her academic work centers on sustainable urban development, focusing on the current living conditions of urban wildlife and exploring design-based strategies for their improvement within the field of architecture. Since May 2024, she has interned at Livelarge Home Inc., where she conducted planning research, drew up site plans, and supervised installations of accessory dwelling units.

26.     Despite this, on or about April 8, 2025, Ms. Chen received notice that her SEVIS record was terminated by DHS, with no prior warning or opportunity to contest the decision. She was not charged with a crime, and the only known incident in her record is an arrest for an alleged physical altercation with her friend that resulted in no charges. No explanation or basis for the termination has been provided.

27.     Ms. Chen adopted two cats from a shelter in Los Angeles in 2017, and they have been with her ever since. They are like family to her. One of them has a medical condition that requires constant care.

28.     Plaintiff Mengcheng Yu is pursuing a Master of Science in Educational Technology and Applied Learning Science at Carnegie Mellon University ("CMU"). She has maintained continuous legal presence since first arriving in the U.S. as a high school student in 2010. In 2015, she unknowingly enrolled in University of Northern New Jersey ("UNNJ") which turned out to be a federal sting operation, but cooperated with federal agents and later completed a degree at New York University. She is a class member under the UNNJ settlement agreement, which bars the government from using her enrollment in UNNJ as grounds for denial of immigration benefits. She has no criminal record, not even an arrest.

29.     After years of hard work, Ms. Yu was admitted to CMU in 2024 and is expected to graduate in August 2025. Her SEVIS record was abruptly terminated in April 2025 without any stated legal basis. This termination has jeopardized her studies and future work prospects. ICE has provided no individualized notice or opportunity for review.

30.     Plaintiff Mr. Jiarong Ouyang came to the United States in 2012 and earned both a Bachelor of Science in Computing Statistics (2016) and a Master of Science in Applied Statistics (2018) from the University of California, Riverside. He is currently a Ph.D. candidate in Statistics at the University of Cincinnati, where he holds a GPA of 3.94 and is expected to graduate in April 2026. His research focuses on Bayesian methods in variable selection, with significant contributions to collaborative clinical research. His research has already produced one co-authored journal article, with a second paper currently under peer review. In recognition of his academic promise and contributions to the field, he was honored in 2024 with the Comer-Reynolds Memorial Award by the Cincinnati Chapter of the American Statistical Association. However, both of his ongoing research projects have been suspended due to the termination of his SEVIS status.

31.     Since May 2022, Mr. Ouyang has worked as a Graduate Assistant Intern at Cincinnati Children's Hospital Medical Center. In this role, he collaborates with physicians to

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    conduct exploratory data analysis and apply advanced statistical models to pediatric health

2    research.

3         32.    In January 2019, Mr. Ouyang was arrested for an alleged domestic dispute

4    incident but was never convicted of a crime. The charges were formally dismissed. As a result of

5    the arrest, his visa was revoked, although he remained in lawful status. In the wake of the

6    dismissal, he successfully changed his status from F-1 to F-2 and later returned to F-1 status with

7    U.S. Citizenship and Immigration Services' ("USCIS'") approval.

8         33.    Despite his consistent compliance with immigration and academic regulations,

9    Mr. Ouyang's SEVIS record was abruptly terminated in April 2025. According to the University

10    of Cincinnati's international office, the termination was based on the previously dismissed arrest.

11    Mr. Ouyang received no prior notice, hearing, or opportunity to contest the decision.

12         34.    Mr. Ouyang must remain in the U.S. to complete his degree, care for his wife and

13    young sons, and pursue professional opportunities in academia or the pharmaceutical industry.

14    The SEVIS termination has put all of this in jeopardy, despite his lawful conduct and substantial

15    academic and professional contributions.

16         35.    Plaintiff Gexi Guo has spent the last eight years in the United States building a

17    life of academic and professional development. He earned a Bachelor of Science from

18    Pennsylvania State University and subsequently completed his graduate studies at Columbia

19    University graduating with a 3.8 GPA. His academic focus was applied analytics, with an

20    emphasis on data-driven strategy and operational efficiency.

21         36.    Mr. Guo has worked as a Data Analyst Intern for the Columbia University and a

22    Data Scientist at iSoftStone. His responsibilities have included developing data ingestion

23    pipelines, automating analytics tools for project research, and designing cloud-based workflow

24    solutions for Fortune 500 clients. His professional work has supported international development

25    initiatives and corporate process improvement efforts.

26         37.    Mr. Guo was arrested in May 2024 for an alleged simple assault. The charge was

27    dismissed and fully expunged by court order in August 2024 pursuant to N.J.S.A. § 2C:52-6. The

28    expungement order explicitly directs all law enforcement and government agencies to treat the

1    incident as though it never occurred. Despite this, his SEVIS record was terminated without

2    notice or an opportunity to be heard, based on conduct that has been judicially expunged and is

3    legally deemed not to have occurred.

4        38.    In addition to his academic and professional responsibilities, Mr. Guo is the sole

5    caretaker of a dog and a cat. His immediate goal is to complete his current consulting and

6    research engagements while maintaining his lawful presence. The sudden and unexplained

7    SEVIS termination has placed his immigration status, his ability to fulfill professional

8    obligations, and ability to care for his pets in immediate jeopardy.

9                        **VI.    CLAIMS FOR RELIEF**

10                        **FIRST CLAIM FOR RELIEF**

11        **(Administrative Procedure Act – Arbitrary and Capricious Agency Action)**

12       39.    Plaintiffs reallege and hereby incorporate by reference the allegations contained in

13   the preceding paragraphs of this Complaint.

14       40.    Defendants' termination of Plaintiffs' SEVIS records constitutes final agency

15   action reviewable under the Administrative Procedure Act, 5 U.S.C. §§ 701–706.

16       41.    The terminations were arbitrary, capricious, and otherwise not in accordance with

17   law. Specifically, Defendants failed to provide individualized notice, failed to consider relevant

18   facts, and based their actions on impermissible grounds, including visa revocation, which is not a

19   lawful basis for SEVIS termination under 8 C.F.R. § 214.1(d).

20       42.    Defendants' actions lack any rational connection between the facts and the

21   decision to terminate Plaintiffs' SEVIS records. The terminations were issued without

22   individualized review, factual findings, or explanation—hallmarks of arbitrary and capricious

23   agency action. Plaintiffs were not provided with any opportunity to respond, clarify their records,

24   or correct misinformation. In some cases, SEVIS records were terminated despite students

25   having clean records or arrests that resulted in dismissals and full expungement. DHS regulations

26   do not permit such blanket terminations based on speculative or irrelevant factors.

27       43.    Furthermore, Defendants have acted inconsistently with long-standing agency

28   guidance, including ICE Policy Guidance 1004-04, which confirms that visa revocation alone

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1   does not justify SEVIS termination. By failing to apply their own rules and precedents, and by

2   acting without reasoned explanation or evidentiary support, Defendants have violated the APA's

3   requirement that agency action be reasoned, consistent, and grounded in law. Plaintiffs are

4   entitled to relief under 5 U.S.C. § 706(2)(A), which requires this Court to set aside unlawful and

5   arbitrary agency action.

6                          **SECOND CLAIM FOR RELIEF**

7              **(Administrative Procedure Act – Contrary to Constitutional Right)**

8        44.    Plaintiffs reallege and hereby incorporate by reference the allegations contained in

9   the preceding paragraphs of this Complaint.

10       45.    By terminating Plaintiffs' SEVIS status without due process—without providing

11  notice, explanation, or a meaningful opportunity to respond—Defendants violated Plaintiffs'

12  constitutional rights.

13       46.    Such action is unlawful under 5 U.S.C. § 706(2)(B).

14       47.    The Due Process Clause of the Fifth Amendment prohibits the federal

15  government from depriving individuals of life, liberty, or property without due process of law.

16  Plaintiffs' lawful F-1 student status, once granted, constitutes both a liberty and property interest

17  protected under the Constitution. It allows them to reside legally in the United States, engage in

18  full-time education, and in some cases, work under authorized training programs. The abrupt

19  termination of that status—without any notice or opportunity to be heard—violated the

20  procedural safeguards to which Plaintiffs are entitled.

21       48.    Defendants' failure to provide even the most basic procedural protections before

22  stripping Plaintiffs of their lawful presence in the United States renders their actions contrary to

23  constitutional right and in violation of 5 U.S.C. § 706(2)(B). Plaintiffs were given no opportunity

24  to contest or clarify the basis for termination, were not served with a statement of reasons, and

25  received no meaningful review. Agency actions that deprive individuals of constitutionally

26  protected interests without affording due process are not only unlawful—they are void.

27                          **THIRD CLAIM FOR RELIEF III**

28              **(Fifth Amendment – Procedural Due Process Violation)**

49.     Plaintiffs reallege and hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

50.     Plaintiffs have a constitutionally protected interest in their F-1 student status and SEVIS records. Defendants' failure to provide any process prior to the deprivation of this interest—no notice, no hearing, no opportunity to rebut—violated the Due Process Clause of the Fifth Amendment.

51.     The Supreme Court has long held that due process requires, at a minimum, notice and an opportunity to be heard before the government may deprive a person of a significant liberty or property interest. Plaintiffs' lawful F-1 student status is such an interest: it governs their ability to reside in the United States, pursue academic goals, maintain employment authorization, and avoid accrual of unlawful presence. The sudden termination of their SEVIS records, without any prior warning or individualized assessment, deprived them of that interest without affording even the most basic procedural protection

52.     Defendants have provided no procedures—formal or informal—by which Plaintiffs could challenge or appeal their SEVIS terminations. Plaintiffs were not told why they were targeted, what evidence formed the basis of the termination, or how they might respond. For many, the first notice of any issue came not from ICE or DHS, but from their universities after the termination had already taken place. Such actions violate not only the letter of due process law, but its core purpose: to guard against arbitrary government action and ensure fairness in decisions that affect a person's fundamental rights.

**<u>FOURTH CLAIM FOR ELIEF</u>**

**(Violation of the Equal Protection Clause of the Fifth Amendment)**

53.     Plaintiffs reallege and hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

54.     The Fifth Amendment to the United States Constitution prohibits the federal government from denying individuals equal protection of the laws. Although the Fifth Amendment does not contain an equal protection clause in name, the Supreme Court has held

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1    that its Due Process Clause incorporates the same protections against the federal government as

2    the Fourteenth Amendment provides against the states.

3         55.    Defendants, acting under the color of federal law, have unlawfully discriminated

4    against Plaintiffs based on alienage, national origin, and/or race by arbitrarily terminating the

5    SEVIS records and lawful status of F-1 international students, most of whom are from China.

6    This pattern of targeting disproportionately affects students of Chinese nationality, despite the

7    absence of any individualized security threat, criminal conviction, or regulatory noncompliance.

8         56.    The terminations appear to have been issued as part of a blanket enforcement

9    action, conducted without legal process, individualized review, or stated rationale. Many

10   students had no adverse record whatsoever; others had only minor incidents, such as dismissed

11   arrests or traffic violations, none of which legally justify termination under DHS's own

12   regulations. Yet ICE has treated them all alike, revoking their status while allowing similarly

13   situated students of other national origins to remain unaffected.

14        57.    Defendants' actions constitute intentional or at minimum disparate-impact

15   discrimination based on alienage and national origin in violation of Plaintiffs' equal protection

16   rights under the Fifth Amendment. These terminations, and the policy or practice underlying

17   them, are not narrowly tailored to serve any compelling governmental interest, and they operate

18   in a manner that is overbroad, unsupported by evidence, and discriminatory in effect.

19        58.    As a direct result of Defendants' discriminatory conduct, Plaintiffs have suffered

20   the loss of their lawful immigration status, risk of removal, forfeiture of educational and career

21   opportunities, reputational harm, emotional distress, and other irreparable injuries.

22        **PRAYER FOR RELIEF**

23        WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

24        1.    Declaring that the termination of SEVIS status for Plaintiffs and all similarly

25   situated F-1 visa holders—who have not been convicted of any criminal offense, have

26   maintained academic standing, and are otherwise in compliance with the terms of their visa—

27   was unlawful, and that their SEVIS records and F-1 status shall be restored immediately;

28

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

2.      Preliminarily and permanently enjoining Defendants from further SEVIS terminations without lawful process;

3.      Awarding costs and attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(b);

4.      Granting such other and further relief as the Court deems just and proper.

Dated: April 11, 2025                     Respectfully submitted,

                                          **DEHENG LAW OFFICES PC**

                                          /s/    *Andre Y. Bates*
                                                  Andre Y. Bates

                                          *Attorneys for Plaintiffs*
                                          *Zhuoer Chen, Mengcheng Yu,*
                                          *Jiarong Ouyang, and Gexi Guo*