1  Andre Y. Bates (SBN 178170) (aybates@dehengsv.com)
   Steven A. Soloway (SBN 130774) (ssoloway@dehengsv.com)
2  Keliang (Clay) Zhu (SBN 305509) (czhu@dehengsv.com)
   Yi Yao (SBN 292563) (yyao@dehengsv.com)
3  **DeHeng Law Offices PC**
   7901 Stoneridge Drive, Suite 208
4  Pleasanton, CA 94588
   T: 925-399-6702
5  F: 925-397-1976

6  *Attorneys for Plaintiffs*
   *Zhuoer Chen, Mengcheng Yu,*
7  *Jiarong Ouyang, and Gexi Guo*

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| ZHUOER CHEN, an individual; MENGCHENG YU, an individual; JIARONG OUYANG, an individual; and GEXI GUO, an individual; | Case No. 3:25-cv-03292-SI |
| Plaintiffs, | **PLAINTIFFS' STATEMENT IN OPPOSITION TO RELATE *CHEN V. NOEM* TO *DOE V. TRUMP*** (Case No. 3:25-cv-03140-JSW) |
| vs. | |
| KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security; and TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; | |
| Defendants. | |
| John Doe,<br>    Plaintiff,<br>vs.<br>Donald J. TRUMP, in his official capacity, President of the United States of America;<br>Moises BECERRA, in his official capacity, Acting Field Office Director of San Francisco Office of Detention and Removal, U.S. | |

-1-                                                  CASE NO. 3:25-cv-03292
**PLAINTIFFS' STATEMENT IN OPPOSITION TO
RELATE *CHEN V. NOEM* TO *DOE V. TRUMP***

1  Immigrations and Customs Enforcement; U.S. Department of Homeland Security;

2

3  Todd M. LYONS, in his official capacity, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; and

4

5  Kristi NOEM, in her official capacity, Secretary, U.S. Department of Homeland Security;

6  Defendants.

7  On April 7, 2025, a Doe Plaintiff filed a Complaint for Declaratory and Injunctive Relief

8  Against Donald J. Trump, among others, Case No. 3:25-cv-03140-JSW.

9  On April 11, 2025, four named Plaintiffs filed a Complaint for Declaratory and Injunctive

10 Relief against Kristi Noem, among others, Case No. 3:25-cv-03292-SI.

11 On April 16, 2025, the Honorable Susan Illston referred to the Honorable Jeffrey S.

12 White for consideration of whether *Chen v. Noem et al.* is related to *Doe v. Trump*, Case No. 25-

13 cv-3140-JSW.

14 Civil Local Rule 3-12(a) provides that "an action is related to another when:

15 (1)    The actions concern substantially the same parties, property, transaction, or event;

16 and

17 (2)    It appears likely that there will be an unduly burdensome duplication of labor and

18 expense or conflicting results if the cases are conducted before different Judges.

19 Neither of these criteria are satisfied here. First, the Plaintiffs are different. In *Chen v.*

20 *Noem et al.*, there are four Plaintiffs, Zhuoer Chen, Mengcheng Yu, Jiarong Ouyang, and Gexi

21 Guo. Zhuoer Chen is a student of the Master of Architecture program at the University of

22 California, Berkeley. *Chen v. Noem et al.*, ECF No. 1, ¶7. Mengcheng Yu is a masters' student in

23 the Educational Technology and Applied Learning Sciences program at Carnegie Mellon

24 University. *Id.* at ¶8. Jiarong Ouyang is a doctoral candidate in Statistics at the University of

Cincinnati. *Id.* at ¶9. Gexi Guo earned a Master of Science in Applied Analytics from Columbia University. *Id.* at ¶10.

In *Doe v Trump et al.*, the Plaintiff, who is a software engineer in lawful F-1 status and currently employed pursuant to Optional Practical Taining (OPT) employment authorization, remained anonymous. *Doe v. Trump et al.*, ECF No. 1, ¶1.

Both cases involved two same defendants: KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security; and TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement. However, in *Doe v. Trump et al.*, the Plaintiff named two additional defendants: Donald J. TRUMP, President of the United States of America and MOISES BECERRA, Acting Field Office Director of San Francisco Office of Detention and Removal, U.S. Immigrations and Customs Enforcement; U.S. Department of Homeland Security.

Second, the two cases arise from fundamentally different factual and legal circumstances. In *Doe v. Trump et al.*, the plaintiff's SEVIS termination followed a minor misdemeanor conviction, for which he or she received probation. *Doe v. Trump et al.*, ECF No. 1, ¶38. In contrast, *Chen v. Noem et al.* involves Plaintiffs who have never been convicted of any crime. *Chen v. Noem et al.*, ECF No. 1, ¶¶ 26, 28, 32, 37. This distinction is legally significant: whereas *Doe* may require case-specific analysis of post-conviction SEVIS authority, *Chen* challenges a blanket, pattern-based SEVIS termination of students in full compliance with visa and academic requirements. Plaintiffs in *Chen* seek a narrowly tailored injunction applicable only to F-1 students who have not been convicted of any offense. This discrete class of students—readily identifiable through SEVIS and university records—makes nationwide relief not only appropriate but manageable, and eliminates concerns about administrability or the need for individualized adjudication present in *Doe*.

1  Third, there is little risk of unduly burdensome duplication of labor, expense, or
2  conflicting outcomes because *Chen v. Noem et al.* involves distinct constitutional claims and a
3  materially different factual record. Specifically, the *Chen* Plaintiffs assert an Equal Protection
4  Clause violation based on a pattern of SEVIS terminations disproportionately targeting F-1
5  students—many of whom are Chinese nationals—who have no criminal convictions. That claim
6  is not raised in *Doe v. Trump et al*. Moreover, while both cases allege violations of the
7  Administrative Procedure Act and the Fifth Amendment Due Process Clause, the legal and
8  factual analyses are necessarily distinct. The *Doe* plaintiff had a prior misdemeanor conviction,
9  which the government may assert as a discretionary or public safety justification for SEVIS
10 termination. By contrast, the *Chen* Plaintiffs have no criminal history and remain in full
11 compliance with their visa and academic obligations. These differences fundamentally alter the
12 scope and nature of the legal inquiry and reduce any overlap in discovery, briefing, or
13 adjudication.
14 Finally, and most importantly, there is no risk of conflicting rulings or inefficiency
15 because the relief sought in *Chen* is materially broader than in *Doe*. The *Chen* Plaintiffs seek a
16 nationwide injunction to halt a pattern of SEVIS terminations affecting a narrowly defined,
17 administrable group—F-1 students without criminal convictions—based on uniform legal and
18 procedural violations. The *Doe* matter, by contrast, seeks individualized relief based on a single
19 plaintiff's post-conviction SEVIS termination. The nationwide scope of relief in *Chen* is not only
20 distinguishable—it makes the need to manage both cases together unnecessary, as the outcomes
21 will be driven by categorically different legal questions and remedial frameworks.
22 For the foregoing reasons, Plaintiffs respectfully submit that *Chen v. Noem et al.*, Case
23 No. 3:25-cv-03292, is not properly related to *Doe v. Trump et al.*, Case No. 3:25-cv-03140,
24 under Civil Local Rule 3-12. The two actions involve distinct factual records, legal claims, and

**PLAINTIFFS' STATEMENT IN OPPOSITION TO
RELATE *CHEN V. NOEM* TO *DOE V. TRUMP***

1  scopes of relief, and their adjudication in separate proceedings will not result in duplicative

2  efforts, inconsistent rulings, or undue burden on the Court or the parties.

3  Dated: April 20, 2025                             Respectfully submitted,

4
                                                    **DEHENG LAW OFFICES PC**
5                                                   /s/    *Andre Y. Bates*
                                                           Andre Y. Bates
6                                                   *Attorneys for Plaintiffs*
                                                    *Zhuoer Chen, Mengcheng Yu, Jiarong Ouyang, and*
7                                                   *Gexi Guo*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

-5-                                 CASE NO. 3:25-cv-03292
**PLAINTIFFS' STATEMENT IN OPPOSITION TO**
**RELATE** *CHEN V. NOEM* **TO** *DOE V. TRUMP*