UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>          Plaintiff,<br><br>    v.<br><br>DONALD J. TRUMP, et al.,<br><br>          Defendants. | Case No. 25-cv-03140-JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. No. 9 |
| S.Y., *et al.*,<br><br>          Plaintiffs,<br><br>    v.<br><br>KRISTIN NOEM, *et al.*,<br><br>          Defendants. | No. 25-cv-03344-JSW<br><br>Re: Dkt. No. 10 |
| ZHUOER CHEN, *et al.*,<br><br>          Plaintiffs,<br><br>    v.<br><br>KRISTI NOEM, *et al.*,<br><br>         Defendants. | No. 25-cv-03292-JSW<br><br>Re: Dkt. No. 7 |
| EMMA BAI,<br><br>          Plaintiff,<br><br>    v.<br><br>TODD M. LYONS,<br><br>          Defendant. | No. 25-cv-03481-JSW<br><br>Re: Dkt. No. 4 |

| | |
|---|---|
| SKY QUI,<br>        Plaintiff,<br>    v.<br>TODD M. LYONS,<br>        Defendant. | No. 25-cv-03475-JSW<br><br>Re: Dkt. No. 4 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON April 25, 2025, AT 9:00 a.m. The parties should not simply reargue matters addressed in their briefs and shall not file written responses to this Notice of Questions.

If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to file a notice listing those authorities, with pin cites and without argument, by no later than 3:00 p.m. on Thursday, April 24, 2025. The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court will make exceptions only for authority decided after that deadline. *Cf.* N.D. Civil Local Rule 7-3(d).

The Court intends to call these cases together but will permit all parties to address any facts or circumstances that may be unique to their case. In addition, these cases are set for hearings relating to the requests for Temporary Restraining Orders. The parties shall be prepared to consider whether there is any additional information that would be required before considering the question of whether preliminary injunctive relief if appropriate.

    1.    The DHS website includes the following information:

> When an F-1/M-1 SEVIS record is terminated, the following happens:
>
> Student loses all on- and/or off-campus employment authorization.
>
> Student cannot re-enter the United States on the terminated SEVIS record.
>
> Immigration and Customs Enforcement (ICE) agents may investigate to confirm the departure of the student.
>
> Any associated F-2 or M-2 dependent records are terminated.

1  *See* https://studyinthestates.dhs.gov/sevis-help-hub/student-records/completions-and-
2  terminations/terminate-a-student (last visited April 23, 2025).  It also says that "[t]ermination for
3  any violation of status" provides no grace period in which to depart the United States.  (*Id.*)

4      a.    Do Defendants maintain their position that terminating a SEVIS record has no
5  effect on an individual's F-1 status?  If so, can they represent to the Court that the Plaintiffs are
6  here legally?  Defendants shall be prepared to answer this question as to each Plaintiff in these
7  cases.

8      b.    In similar cases, Defendants have argued that the terminations of SEVIS status only
9  serve as a "flag" about the individual.  Given the representations on the DHS website, the Court
10 does not find that argument convincing.  If there really is no impact to F-1 status caused by the
11 termination of the SEVIS record, what other purpose does it serve?

12     c.    Defendants argue that the Plaintiffs do not address whether they have sought
13 reinstatement, citing 8 C.F.R. § 214.2(f)(16).  How do Defendants reconcile their argument that
14 SEVIS termination does not impact F-1 status with the text of this regulation, which expressly
15 refers to violations of and reinstating status?

16     d.    Assuming for the sake of argument that the act of terminating a SEVIS record does
17 not terminate status, the record suggests that after termination an individual will be unable to
18 attend classes or to work, which would lead to that individual falling out of status.  Why would
19 that harm not be irreparable?

20     2.    The DHS website also includes what, as of April 9, 2025, appears to be a new
21 category for SEVP only terminations entitled "Other."  That category states "A SEVIS adjudicator
22 uses this termination reason when no other reasons apply."[1]

23     a.    Who serves as a "SEVIS adjudicator."

24     b.    Can Defendants provide the Court with any information about why this category
25         was created?

26     3.    Do Defendants contend that any of the Plaintiffs in this case have engaged in

---

[1] *See* https://studyinthestates.dhs.gov/sevis-help-hub/student-records/completions-and-terminations/termination-reasons (last visited April 23, 2025).

3

1  conduct or sustained a criminal conviction that would qualify as "failing to maintain status"? If
2  so, which Plaintiffs?
3      4.   In each of these cases, no warning was provided to the Plaintiffs or their
4  educational institutions that the SEVIS records were being terminated. Based on Mr. Watson's
5  declarations, in at least some instances the direction to terminate the SEVIS record came from the
6  State Department. (*See, e.g.,* 25-cv-3140-JSW, Dkt. No. 29-1, Watson Decl., ¶ 8; Dkt. No. 25-cv-
7  3292-JSW, Dkt. No. 19-1, Watson Decl., ¶¶ 8, 13.)

    a. What process do Defendants contend is available once the SEVIS record has been terminated and before deportation or F-1 status changes have been instituted?

    b. Beside asking for temporary relief from this Court, what recourse does a plaintiff have when they are in the position of having their SEVIS record improperly terminated?

    c. What are the procedural steps and associated timelines are there between termination of a SEVIS record of an F-1 nonimmigrant and a determination regarding their eligibility for detention and/or deportation?

5. Defendants in 25-cv-3292 argue that the Plaintiffs there are not challenging "a rule of universal applicability." (Opp. Br. at 11:14.) The record here and in other cases suggests otherwise. Most, if not all, of the affected individuals have been told the reason given for terminating their SEVIS records was "Otherwise failing to maintain status – Individual identified in criminal records check/and or has had their visa revoked."

    a. Do Defendants contend that a formal written policy would be required before any court could provide programmatic relief to affected individuals?

    b. Are there any procedural barriers to the Court granting nationwide programmatic relief in the absence of class action allegations?

    c. Have any of the other courts addressing similar cases addressed the issue of providing nationwide relief to individuals in the Plaintiffs' position?

6. Do Defendants continue to take the position that the Privacy Act precludes Plaintiffs' APA claims? If so, do they have any authority to support the position that a statute that does not provide an individual with a private right of action is legally equivalent to a statute that

precludes judicial review?

**IT IS SO ORDERED**.

Dated: April 23, 2025

_____
JEFFREY S. WHITE
United States District Judge