UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>DONALD J. TRUMP, et al.,<br><br>        Defendants. | Case No.  25-cv-03140-JSW<br><br>**NOTICE OF TENTATIVE RULING<br>AND QUESTIONS FOR HEARING**<br><br>Re: Dkt. No. 9 |
| S.Y., *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>KRISTIN NOEM, *et al.*,<br><br>        Defendants. | No. 25-cv-03244-JSW<br><br>Re: Dkt. No. 10 |
| ZHUOER CHEN, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>KRISTI  NOEM, *et al.*,<br><br>        Defendants. | No. 25-cv-03292-JSW<br><br>Re: Dkt. No. 7 |
| W.B.,<br><br>        Plaintiff,<br><br>    v.<br><br>KRISTI NOEM, *et al.*,<br><br>        Defendants. | No. 25-cv-03407-JSW<br><br>Re: Dkt. No. 8 |

United States District Court
Northern District of California

1    J.C., *et al.*,

2                  Plaintiffs,                           No. 25-cv-03502-JSW

3          v.                                            Re: Dkt. No. 9

4    KRISTI NOEM, *et al.*,

5                  Defendants.

6

7          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE

8    OF THE FOLLOWING NOTICE OF TENTATIVE RULING AND QUESTIONS FOR THE

9    HEARING SCHEDULED ON May 14, 2025, AT 10:00 a.m.  The parties should not simply

10   reargue matters addressed in their briefs and shall not file written responses to this Notice of

11   Questions.

12         If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED

13   to file a notice listing those authorities, with pin cites and without argument, by no later than 4:30

14   p.m. on May 13, 2025.  The parties will be given the opportunity at oral argument to explain their

15   reliance on such authority.  The Court will make exceptions only for authority decided after that

16   deadline.  *Cf.* N.D. Civil Local Rule 7-3(d).  The Court will call these cases together, and the

17   parties will have the opportunity to address any facts or circumstances that may be unique to their

18   case during the argument.

19         The Court is tentatively inclined to GRANT Plaintiffs' motions but RESERVES issuing a

20   tentative ruling on the scope and breadth of an injunction.  The Court also is not persuaded by

21   Defendants' arguments that terminating a SEVIS record has no impact on an individual's F-1

22   status and will not hear argument on that issue.  The Court also is not persuaded the need for an

23   injunction is moot.

24         1.      If the Court concludes Plaintiffs' motions can be resolved without considering the

25   Due Process claims, do Plaintiffs agree that the Court would not be able to directly enjoin

26   President Trump because he is not an agency under the Administrative Procedure Act?  *See, e.g.,*

27   *Student Doe #1 v. Noem*, No. 25 C 4188-SLE, 2025 WL 1341711, at *12 n.13 (N.D. Ill. May 8,

28   2025) (citing *Dalton v. Specter*, 511 U.S. 462, 469 (1994)).

United States District Court
Northern District of California

United States District Court
Northern District of California

2.      Plaintiffs submit the Administrative Record from *Patel v. Lyons*, 25-cv-1096-ACR, which includes a draft email from State Department officials.  (*See, e.g.,* 25-3140, Dkt. No. 52-1, Declaration of Johnny Sinodis, Ex. A.)  One portion of that Administrative Record includes an email string in which a State Department official responds "Please terminate all in SEVIS," approximately 15 minutes after the first email in the string.  Is that the only reasoning on which Defendants relied to terminate the Plaintiffs' SEVIS records?  If not, where in the existing record can the Court find reasoning to support the initial termination of Plaintiffs' records?

3.      How do Defendants respond to Plaintiffs' argument that resetting the original end date of a STEM-Optional Practical Training ("OPT") or OPT work authorization does not remedy harm suffered while Plaintiffs were unable to work because of their SEVIS record was terminated?

4.      Plaintiffs argue that although the SEVIS records have been reset to active, there are no public-facing entries that would explain the gap between the termination date and the restoration date.  (*See, e.g.,* 25-3140, Dkt. No. 63-1, Reply Declaration of Johnny Sinodis, ¶¶ 6, 10, Exs. E and I (Examples of SEVIS records).)  In the examples provided by Plaintiffs, there is a field that gave Defendants the opportunity to explain why the record was terminated.  Why can Defendants not create a similar field to explain why the record was reactivated and add language that no adverse actions shall be taken against the individual because of the gap?

5.      In terms of a showing of irreparable harm, does either party suggest that there is a material difference between a Plaintiff whose visa has been revoked or is otherwise not valid and a Plaintiff whose visa is valid?

6.      Is there any evidence in the record that is specific to these Plaintiffs that shows the visa revocations did not have "immediate effect"?

7.      The Ninth Circuit has recognized that nationwide or universal "relief is commonplace in APA cases, promotes uniformity in immigration enforcement, and" can be necessary to provide plaintiffs with complete redress.  *East Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018).

a.  Plaintiffs argue that the Court should not consider the fact that plaintiffs in other cases have chosen to dismiss their cases in the analysis of whether a nationwide injunction is

appropriate.  Why should the Court not consider the fact of the dismissals in considering the need for universal relief?

    b.  Do Defendants continue to rely exclusively on the arguments raised in their opposition and supplemental opposition briefs on this issue?

8.    Can any of the parties advise the Court whether a plaintiff in a case outside this District is asking for a nationwide injunction?  If so, which case and what is the current status of the case?

9.    The earliest temporary restraining order issued in these cases is set to expire at approximately 9:30 on May 15, 2025.  The Court granted requests to extend the briefing schedules to provide Defendants time to obtain declarations and to accommodate the parties' efforts to resolve these matters.  Assuming the Court maintains its tentative ruling that it will grant the motions, will Defendants consent to a brief extension of the temporary restraining orders to permit the Court to issue its written ruling?

10.    Is there anything further the parties wish to add?

**IT IS SO ORDERED**.

Dated: May 13, 2025

_____
JEFFREY S. WHITE
United States District Judge