UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHUOER CHEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Defendants. | Case No. 25-cv-03292-JSW<br><br>**ORDER DENYING MOTION FOR AN AMENDED PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 65 |

This matter comes before the Court upon consideration of Plaintiffs' motion for an amended preliminary injunction. The Court has considered the parties' papers, relevant legal authority, and the record in this case. For the reasons that follow, the Court DENIES the motion.

## BACKGROUND

The facts that gave rise to this litigation are set forth in the Court's Order granting Plaintiffs' original motion for a preliminary injunction. *See Doe v. Trump*, -- F. Supp. 3d --, 121 Fed. R. Serv. 3d 1965, 2025 WL 1467543 (N.D. Cal. May 22, 2025). The Court will repeat only those facts as necessary to the analysis.

Jing Tao ("Tao"), Yifing Wu ("Wu"), and Wanrong Li ("Li") (collectively "Moving Plaintiffs") were admitted to the United States on F-1 visas. Tao and Wu are enrolled in graduate and undergraduate programs, respectively. Li is engaged in Optional Practical Training. (First Amended Complaint ("FAC"), ¶ 5; Tao Decl., ¶ 4; Wu Decl., ¶ 4; Li Decl., ¶¶ 3-4, 9.) In April 2025, Moving Plaintiffs were among thousands of F-1 visa holders who had their SEVIS records terminated as part of the Student Criminal Alien Initiative. *Doe*, 2025 WL 1467543, at *1, *3-*4 (describing initiative, which included ICE forwarding lists of individuals to State Department). Moving Plaintiffs allege that shortly before or after their SEVIS records were terminated, the State

1  Department revoked "most, if not all, still-valid visas of those whose SEVIS status was
2  terminated." The State Department also revoked Moving Plaintiffs' visas. (FAC ¶¶ 31, 48-49, 51,
3  53; Tao Decl., ¶ 7; Wu Decl., ¶ 8; Li Decl., ¶¶ 6-7.)

4  According to the record in this case, an unnamed State Department official sent an email
5  and stated "We've run the Delta data against our systems. The first tab lists individuals with valid
6  visas how would you like us to prioritize revocation of these visas?" The text following that
7  question is redacted.[1] (Dkt. No. 38-1, Declaration of Johnny Sinodis, ¶ 2, Ex. A.) On April 6,
8  2025, Li received an email that stated "additional information became available after your visa
9  was issued. As a result, your F-1 visa with expiration date 3-OCT-2028 has been revoked under
10 Section 221(i) of the United States Immigration and Nationality Act, as amended.) (Dkt. No. 93,
11 Corrected Ex. E.) On April 10, 2025, Tao received the same email. (Motion, Ex. D.)[2]

12 Notwithstanding the text of these emails, Moving Plaintiffs allege that the State
13 Department subsequently represented that their visas "have been revoked effective upon the
14 individual departing the United States." (FAC ¶ 60; *see also id.* ¶ 61.) None of the Moving
15 Plaintiffs have left the United States but attest they are unable to do because their visas have not
16 been restored. (Tao Decl., ¶ 10; Wu Decl., ¶ 11; Li Decl., ¶¶ 10-11.)

17 On July 29, 2025, Plaintiffs filed an amended complaint ("FAC"), and the Moving
18 Plaintiffs add a claim under the Administrative Procedure Act against the State Department.[3]
19 (FAC ¶¶ 85-89.)

20 The Court will address additional facts as necessary in the analysis.
21 //
22 //

---

[1] The remainder of the exhibit addresses how to proceed with termination of SEVIS records.

[2] The only difference in the two emails is the date on which each Moving Plaintiff's visa was due to expire. Plaintiffs have not authenticated either exhibit by declaration. Defendants have not objected. Accordingly, the Court has considered the exhibits.

[3] Because Plaintiffs sue Secretary Rubio in his official capacity, the Court refers to the State Department in its analysis of the claim.

## ANALYSIS

Plaintiffs "seeking a preliminary injunction must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Where, as here, "the government is a party these last two factors merge." *East Bay Sanctuary Covenant v. Barr*, 964 F.3d 832, 844-45 (9th Cir. 2020) (quoting *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

In *Alliance for the Wild Rockies v. Cottrell*, the Ninth Circuit held that the "serious questions" sliding scale approach survives *Winter*. 632 F.3d 1127, 1134-35 (9th Cir. 2011). Thus, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135 (cleaned up).

The APA also provides that, "[o]n such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court, …, may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings." 5 U.S.C. § 705. The relevant factors under Section 705 "substantially overlap with the Winter factors for a preliminary injunction." *City and County of San Francisco v. U.S. Customs & Immigration Servs.*, 408 F. Supp. 3d 1057, 1078 (N.D. Cal. 2019).

Whether or not the Court applies *Winter's* likelihood of success on the merits standard or *Cottrell's* serious questions standard to the merits of Moving Plaintiffs' claims, they still must show they are likely to suffer irreparable harm. The State Department has represented that the Moving Plaintiffs' visas are revoked only upon departure. Each of the Moving Plaintiffs have reason for wanting to leave and return to the United States, but they do not attest they have an imminent need to or intention to depart. Moving Plaintiffs argue that F-1 visa rejection rates have reached 50% and approvals face delays, but their supporting evidence is one newspaper article that focuses on international students in India.

3

In contrast to the harms addressed in their original motion, the Court concludes Plaintiffs have not met their burden to show immediate, non-speculative, and irreparable harm based on the policy at issue.

Accordingly, the Court DENIES Moving Plaintiffs' motion for an amended preliminary injunction.

**IT IS SO ORDERED**.

Dated: September 29, 2025

_____
JEFFREY S. WHITE
United States District Judge