CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
ELIZABETH D. KURLAN (CABN 255869)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: 415-436-7298
    Facsimile: 415-436-6748
    elizabeth.kurlan@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZHUOER CHEN, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of the United States Department of Homeland Security, *et al.*,<br><br>    Defendants. | Case No. 4:25-cv-3292-JSW<br><br>**DEFENDANT THE DEPARTMENT OF STATE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIFTH CLAIM FOR RELIEF IN THEIR AMENDED COMPLAINT**<br><br>Date: November 21, 2025<br>Time: 9:00 a.m.<br>Location: Zoom Videoconference<br><br>The Honorable Jeffrey S. White |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that, on November 21, 2025, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable District Judge Jeffrey S. White, Defendant the Department of State will and hereby does move this Court for an order dismissing Plaintiffs' fifth claim for relief in their amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's motion is based on this notice; the accompanying memorandum of points and authorities; all pleadings and papers on file in this matter; any other matters of which the Court takes judicial notice; and any such oral argument the Court may hear. Defendant respectfully suggests that this matter may be determined without oral argument, pursuant to Civil Local Rule 7-1(b).

**RELIEF SOUGHT**

Defendant the Department of State seeks an order from the Court dismissing Plaintiffs' fifth claim for relief asserted in their amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiffs Jing Tao, Yifing Wu, and Wanrong Li (collectively "Plaintiffs") filed an amended complaint adding the Department of State ("DOS") as a defendant and, in their fifth claim for relief, challenging DOS's prudential revocation of the three Plaintiffs' visas effective upon departure, pursuant to 8 U.S.C. § 1201(i). The Court should dismiss Plaintiffs' challenge to DOS's decision to revoke their visas pursuant to 8 U.S.C. § 1201(i). Congress has expressly provided that "[t]here shall be no means of judicial review" of a visa revocation under Section 1201(i), except in the limited context of removal proceedings where the revocation is the sole ground for removal. 8 U.S.C. § 1201(i). This statutory bar is unequivocal and shields revocation decisions from judicial second-guessing. The revocations at issue fall squarely within Section 1201(i), foreclosing any claim under the Administrative Procedure Act ("APA").

This is because the statute vests the Secretary of State and consular officers with discretion to revoke visas "at any time, in [their] discretion." The statute contains no substantive limitations, standards, or criteria against which a court could evaluate such a decision. Visa revocations are a quintessential exercise of the Executive's plenary authority over the admission and exclusion of foreign

nationals, an area the Supreme Court has recognized as "largely immune from judicial control." *Dep't of State v. Muñoz*, 602 U.S. 899, 907 (2024) (quotation omitted). Because the action challenged here is committed to agency discretion by law, it is not reviewable under the APA, 5 U.S.C. § 701(a)(2).

Plaintiffs' attempts to avoid these jurisdictional and discretionary bars—by characterizing the revocations as an alleged policy of "mass cancellations" or claiming they apply only to individuals outside the United States—are contrary to the statutory text and based only on their speculative conclusions. Section 1201(i) applies "at any time" after issuance and expressly anticipates that revocations may render a nonimmigrant removable under 8 U.S.C. § 1227(a)(1)(B). The fact that multiple visas were revoked in close temporal proximity does not alter the individual, discretionary nature of each revocation decision or create a judicially reviewable claim. Nor does Plaintiffs' disagreement with DOS's interpretation of Section 1201(i) supply a basis for this Court to disregard Congress's explicit limits on judicial review. There is no legal basis for Plaintiffs' fifth claim for relief and they cannot cure the deficiencies. Accordingly, the Court should dismiss the claim from Plaintiffs' amended complaint.

## II.     ISSUE TO BE DECIDED

1.     Whether Plaintiffs have failed to state a claim upon which relief can be granted because DOS visa revocations under are discretionary and nonreviewable under 8 U.S.C. § 1201(i)?

## III.    BACKGROUND

### A.     Visa Revocation

"A consular officer, the Secretary, or any [State] Department official to whom the Secretary has delegated this authority is authorized to revoke an immigrant visa at any time, in his or her discretion." 22 C.F.R. § 42.82(a). The regulations do not require that the agency issue a Notice of Intent to Revoke prior to the revocation or notice after the revocation. Id. Instead, the regulation only requires that "[u]nless otherwise instructed by the [State] Department, a consular officer shall, if practicable, notify the alien to whom the visa was issued that the visa was revoked." 22 C.F.R. § 42.82(c). The regulation provides that notification is irrelevant to the effectiveness of the revocation. Id.

While the regulations provide an avenue to seek reconsideration for a denial of an immigrant visa application, 22 C.F.R. § 42.81(e), they do not provide a similar regulation to seek reconsideration of

the revocation of an immigrant visa. *See id.* § 42.82. Importantly, the Immigration and Nationality Act ("INA") explicitly states that a consular officer's or the Secretary of State's decision to revoke a visa is not subject to judicial review through any means: "[T]he consular officer or Secretary of State may at any time, in his discretion, revoke [an issued] visa," and "[t]here shall be no means of judicial review (including review pursuant to . . . sections 1361 and 1651 of [title 28]), of a revocation under this subsection, except in the context of" a proceeding to remove an alien if such revocation is the sole basis for removal. 8 U.S.C. § 1201(i). Congress added this provision to Section 1201 by the Intelligence Reform and Terrorism Prevention Act of 2004 ("IRTPA"). *Quintero v. U.S. Dep't of Homeland Sec. & Immigr. Servs.*, No. 05-cv-22003, 2005 WL 8155923, at *2 (S.D. Fla. Dec. 12, 2005); *see also Spadaro v. U.S. Customs & Border Prot.*, 978 F.3d 34, 47 (2d Cir. 2020).

Prior to the enactment of the IRTPA, some courts found that visa revocation decisions were not precluded from judicial review as discretionary. *See Spencer Enters., Inc. v. United States*, 345 F.3d 683, 690 (9th Cir. 2003). In enacting the IRTPA, however, Congress made clear its intent on this issue, barring judicial review of visa revocation decisions in any forum except certain removal proceedings. *See Castellanos v. Pfizer, Inc.*, 555 F. Supp. 2d 1343, 1349 (S.D. Fla. 2008); *Tarlinsky v. Pompeo*, No. 19-cv-659, 2019 WL 2231908, at *5 (D. Conn. May 23, 2019); *Nkrumah v. Pompeo*, No. 20-cv-1892, 2020 WL 6270754, at *3, n.1 (D.D.C. Oct. 26, 2020) ("However, even if plaintiff's visa had been revoked, Congress firmly committed this type of substantive decision to the Secretary's discretion. Under 8 U.S.C. § 1201, the Secretary of State "may at any time, in his discretion, revoke" a visa that has been issued, and "[t]here shall be no means of judicial review . . . of a revocation.""); *Alharbi v. Miller*, 368 F. Supp. 3d 527, 555 (E.D.N.Y. 2019) ("Moreover, even if defendants' issuance of the approval notices constituted an approval or an issued visa, which was later refused on substantive inadmissibility grounds, the INA provides that a consular officer's decision to revoke a previously-issued visa is not subject to judicial review. Thus, the Court simply cannot review these refusals."), *aff'd in part on other grounds, dismissed in part*, 829 F. App'x 570 (2d Cir. 2020).

B.     **Factual and Procedural Background**

Plaintiffs Wanrong Li, Jing Tao, and Yifeng Wu, were admitted to the United States on F-1

DEFENDANT DOS'S MOTION TO DISMISS AM. COMPL.
4:25-cv-3292 JSW                                                    3

student visas.[1] *See* Dkt. No. 64 (Plaintiffs' First Amended Complaint) ¶¶ 13–15. Plaintiffs had their visas revoked upon departure. Specifically, on April 6, 2025, Plaintiff Li received an email from the U.S. Embassy in Tokyo, informing her that her F-1 student visa had been revoked under 8 U.S.C. § 1201(i). Dkt. No. 64 ¶ 53. On April 10, 2025, Plaintiff Tao received an email from the U.S. Embassy in Guangzhou that her F-1 visa had been revoked under 8 U.S.C. § 1201(i). Dkt. No. 64 ¶ 48; *see also* Dkt. No. 65 (Plaintiffs' Motion for Preliminary Injunction) at 7. On April 9, 2025, Plaintiff Wu received an email from the U.S. Embassy in Shanghai, informing him that his F-1 student visa had been revoked under 8 U.S.C. § 1201(i). Dkt. No. 64 ¶ 49; Dkt. No. 65 at 8.

On July 29, 2025, Plaintiffs filed a first amended complaint adding the three Plaintiffs with claims against DOS as a defendant, and amending the complaint with a fifth claim for relief brought under the APA. Dkt. No. 64 ¶¶ 85–89. Plaintiffs also filed an amended motion for preliminary injunction. Dkt. No. 65. On September 18, 2025, the Court granted the parties' stipulation to stay proceedings against Defendant Department of Homeland Security. Dkt. No. 94. On September 29, 2025, the Court denied Plaintiffs' request for injunctive relief against DOS because "Plaintiffs have not met their burden to show immediate, non-speculative, and irreparable harm" from the visa revocations. *Id.*

## IV. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Though the pleading standards set forth in Rule 8 does not require "detailed factual allegations," they demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 555). To survive a motion to dismiss for failure to state a claim:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

---

[1] Plaintiffs' non-conclusory factual allegations are accepted as true solely for the purposes of this motion. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

*Iqbal*, 556 U.S. at 678 (internal quotations and citations omitted). A district court is not required to accept conclusory allegations or unwarranted factual deductions as true. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Moreover, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F2d 696, 699 (9th Cir. 1988). In short, "[d]ismissal is proper under Rule 12 (b)(6) if it appears beyond doubt that the non-movant can prove no set of facts to support its claims." *Adams*, 355 F.3d at 1183.

## V.  ARGUMENT

### A.  Plaintiffs Fail to State a Claim Under the APA Because Section 1201(i) Precludes Review of Visa Revocations.

An APA cause of action fails to state a claim if another statute precludes judicial review or if an agency action is committed to the agency's discretion by law. 5 U.S.C. §§ 701(a)(1) & (a)(2). *See also Oryszak v. Sullivan*, 576 F.3d 522, 525 (D.C. Cir. 2009) (explaining that Section 701(a) is not jurisdictional). Plaintiffs claim that DOS has a policy of revoking visas en masse based on the presence of a student's name in the NCIC database, and that the alleged policy is a change in position and arbitrary, capricious, and unlawful under the APA. Dkt. No. 64 ¶¶ 64–69, 86–89. Plaintiffs fail to state an APA cause of action, however, because visa revocations are precluded from judicial review by statute, thus barring an APA cause of action.

Visa revocations are governed by 8 U.S.C. § 1201(i), which was enacted as part of the Intelligence Reform and Terrorism Prevention Act of 2004, Pub. L. 108 458, § 5304, 118 Stat. 3638, and provides, in relevant part:

> After the issuance of a visa or other documentation to any alien, the consular officer or the Secretary of State may *at any time, in his discretion*, revoke such visa or other documentation . . . There shall be *no means of judicial review* (including [habeas corpus]) of a revocation under this subsection, except in the context of a removal proceeding if such revocation provides the sole ground for removal under section 1227(a)(1)(B) of this title.

8 U.S.C. § 1201(i) (emphasis added). Section 1201(i) of Title 8 expressly precludes visa revocations from judicial review. The legislative history is in accord. *See* 150 Cong. Rec. S11,939-01 (daily ed. Dec. 8, 2024) (statement of Sen. Kyl) ("Currently all decisions regarding visa issuance by Consular Officers are final, they are not subject to judicial review. The same should be true of visa revocation decisions.").

DEFENDANT DOS'S MOTION TO DISMISS AM. COMPL.
4:25-cv-3292 JSW                                                         5

In effect, Congress "expanded the [consular] non-reviewability doctrine by enacting [8 U.S.C. § 1201(i)], which stripped district courts of the authority to review visa revocations[.]" *Bolante v. Achim*, 457 F. Supp. 2d 898, 901 (E.D. Wis. 2006).

The exception in Section 1201(i) for a limited challenge in removal proceedings where visa revocation is the sole ground of removal, does not change the analysis because the courts of appeal are the "sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5); *see also* 8 U.S.C. § 1252(a)(9). Those provisions "force[] a [noncitizen] in removal proceedings to save all of his or her challenges to an unlawful government decision or action until after a final removal order is issued." *Calcano-Martinez v. INS*, 232 F.3d 328, 340 (2d Cir. 2000). Outside of a specific set of circumstances, in which removal proceedings are initiated based solely on the revocation, the statutory authority permits no review of a visa revocation, including any challenges relating to underlying issues of law or fact. *See Calcano-Martinez*, 232 F.3d at 340. Thus, Plaintiffs cannot challenge any visa revocation decisions under the APA because such a challenge is precluded from review by statute. 5 U.S.C. § 701(a)(1).

Plaintiffs will likely argue that Section 1201(i) is inapplicable because it provides statutory authority to revoke a visa based upon an individualized determination, and their revocations were part of a "mass cancellation" of student visas. *See, e.g.*, Dkt. No. 65 at 9–11. Their argument has no merit. First, Plaintiffs reads far too much into the statute. They provide no legal support for the notion that if one visa is revoked around the same time as another, it suddenly overrules Congress's preclusion of judicial review of visa revocations. Moreover, Plaintiffs challenge individualized visa revocations made under express statutory authority that Congress has declared to be unreviewable outside the narrow context of removal proceedings. Thus, this case involves a clear statutory command foreclosing judicial review.

Second, Plaintiffs' assertion that the revocations were "rubber stamped" as part of a single, unified policy made by ordinary State officials working with ICE officials to do mass cancellations is not supported by the evidence in the record. Plaintiffs submitted the emails they received notifying them of their visa revocations, which states, "[Y]our F-1 visa . . . has been revoked under Section 221(i) of the United States immigration and Nationality Act, as amended." *See, e.g.*, Dkt. No. 65, Ex. D. Thus, Plaintiffs' assertion that their visas were not individually revoked pursuant to this authority is

contradicted by their own documents. Moreover, the fact that not all individuals whose SEVIS records were terminated based on an NCIC hit had their visas prudentially revoked, including the other three plaintiffs in this case, further belies Plaintiffs' claim of a mass cancellation.

Visa revocation is a decision made on a case-by-case basis, based on the individual facts relevant to the case, solely within the discretion of DOS, and Congress has precluded judicial review of such decisions. Thus, Plaintiffs cannot challenge any visa revocation decisions under the APA, whether pursuant to a "policy" or otherwise, because such a challenge is precluded from review by statute. 5 U.S.C. § 701(a)(1).

### B. Plaintiffs Fail to State a Claim Under the APA Because Visa Revocations Are Committed to DOS's Discretion by Law.

The decision to revoke a visa is also committed to the discretion the Secretary of State by the plain terms of the applicable statute: "After the issuance of a visa or other documentation to any alien, the consular officer or the Secretary of State may *at any time, in his discretion*, revoke such visa or other documentation."  8 U.S.C. § 1201(i) (emphasis added). The statute indicates discretion by using the terms "discretion," "may," and "at any time." *Bernardo v. Johnson*, 814 F.3d 481, 485–86 (1st Cir. 2016) (use of "may," "at any time," and "for what he deems to be good and sufficient cause" in 8 U.S.C. § 1155 denoted discretion). Congress imposed no threshold requirements or limitations on the exercise of that discretion to revoke a visa, nor do Plaintiffs identify any. *See* 8 U.S.C. § 1201(i); *see also Bouarfa v. Mayorkas*, 604 U.S. 6, 15 (2024) (comparing the petition revocation provision of Section 1155 (which has language similar to Section 1201(i)) with other statutory sections granting discretion and holding that "[w]hen it comes to the Secretary [of Homeland Security]'s discretion to revoke the agency's approval of a visa petition, though, Congress imposed no such threshold requirements.").

Where the statute delegates an action to agency discretion, the APA precludes review. *See* 5 U.S.C. § 701(a)(2) (APA does not apply if "agency action is committed to agency discretion by law."). That limitation encompasses agency action of a kind "traditionally regarded as committed to agency discretion" or when the relevant statute provides "no meaningful standard against which to judge the agency's exercise of discretion." *Union of Concerned Scientists v. Wheeler*, 954 F.3d 11, 17 (1st Cir. 2020) (citations omitted). Visa decisions are of a kind traditionally committed to agency discretion. *See*

1  *Muñoz*, 602 U.S. at 907 (the "admission and exclusion of foreign nationals is a 'fundamental sovereign
2  attribute exercised by the Government's political departments [and is] largely immune from judicial
3  control.'") (citing *Trump v. Hawaii*, 585 U.S. 667, 702 (2018)). And the statute, which provides
4  complete discretion as to the time and reason for revocation, with no "threshold requirements," *see*
5  *Bouarfa*, 604 U.S. at 15, provides no standard against which a court can review that exercise of
6  discretion. *See*, *e.g.*, *Make the Rd. N.Y. v. Wolf*, 962 F.3d 612, 633 (D.C. Cir. 2020) (no standard to
7  evaluate exercise of discretion in expedited removal statute).

8        Plaintiffs may seek to avoid this clear bar to an APA cause of action by asserting that the
9  agency's actions constitute an unexplained reversal in policy warranting APA review, but that is the
10 wrong analytical framework. Visa revocations are discretionary and that includes the decision of when
11 and whether to revoke a visa. "Just as Congress does not have to exercise the powers delegated to it by
12 the people, neither does the agency have to exercise its delegated powers where the text and structure of
13 the relevant statute provide it with complete discretion." *Gonzalez v. Cuccinelli*, 985 F.3d 357, 371 (4th
14 Cir. 2021). Here, DOS has complete discretion to revoke visas, and it has exercised that discretion. And
15 as with visa petition revocations under Section 1155, "[t]hat discretion is a two-way street." *Boufara*,
16 604 U.S. at 15. As the Supreme Court explained, "[b]y granting the Secretary discretion to revoke the
17 agency's approval of visa petitions, Congress has also vested the Secretary with discretion to decline to
18 revoke an approval the agency previously gave. So, if the Secretary determines that the agency's
19 approval of a visa petition was erroneous, he can revoke that approval—or he can let the error stand." *Id.*
20 Plaintiffs may not like DOS's current exercise of discretion in these matters but, nonetheless, such
21 discretionary decisions and whether or when to invoke them, are not reviewable under the APA.

22       Plaintiffs' argument that Section 1201(i) revocations can only occur while the visa holder is
23 outside the United States contradicts the plain language of the statute and fundamentally misconstrues
24 the relevant provisions of the INA related to inadmissibility pursuant to 8 U.S.C. § 1182, and
25 removability under 8 U.S.C. § 1227. The text of Section 1201(i) clearly provides that revocation of a
26 visa after issuance may be done "at any time" by a consular officer or Secretary of State. Revocation of
27 a visa, therefore, is permissible after the visa holder enters or is admitted to the United States. A joint
28 hearing with the House and Senate Committees on the Judiciary further clarifies the temporal scope of

revocations under Section 1201(i). The hearing report compares immigration bills S. 716 and H.R. 2816, pointing out that the former allows for the revocation of a visa "at any time," while the latter only allowed for revocation prior to admission into the United States. *See* Revision of Immigration, Naturalization, and Nationality Laws: Hearing on S. 716, H. R. 2379, and H. R. 2816 Before the S. Comm. on the Judiciary and the H. Comm. on the Judiciary, 82nd Cong. 516 (1951).

Section 1201(i) also anticipates that revocations pursuant to the authority may result in the former visa holder being subject to removal under Section 1227(a)(1)(B). Anticipating Defendants' reference to the text of the statute, Plaintiffs propose a scenario that is legally impossible. If a visa holder's visa is revoked and the visa's validity as an entry document is voided either before or at the time of application for admission, an attempted entry into the United States by the former visa holder would result in that individual being charged with inadmissibility under 8 U.S.C. § 1182, as removal proceedings under 8 U.S.C. § 1227 can only be invoked after an alien has been lawfully admitted to the United States. Put differently, only lawfully admitted noncitizens can be placed into Section 1227 removal proceedings, which does not include individuals in Plaintiffs' scenario who will be charged with inadmissibility under Section 1182 if their visas are revoked prior to entering the United States. Thus, Plaintiffs' argument is meritless and should be rejected.

Plaintiffs' arguments rest on the faulty premise that visa revocation authority is tied to the substantive grounds of inadmissibility in 8 U.S.C. § 1182, or to whether certain conduct would render an individual removable under another provision of the INA. Section 1201(i) contains no such limitation; instead, it grants the Secretary of State and consular officers discretion to revoke a visa "at any time" after issuance, for any reason the Secretary deems appropriate. Whether alleged criminal activity or other facts would support removability under a different statutory ground is irrelevant to the exercise of this distinct revocation authority. Congress created visa revocation as a separate tool, unconstrained by the specific inadmissibility or removability provisions, and Plaintiffs' attempt to graft such restrictions onto Section 1201(i) finds no support in the statutory text.

Moreover, a revocation under 8 U.S.C. § 1201(i) is not itself a determination of inadmissibility under the INA. The statute does not render the visa holder permanently ineligible to receive another visa, nor does it predetermine the outcome of any future application. Instead, when Plaintiffs apply for a

1  new visa, a consular officer will independently assess their eligibility under the applicable statutory and
2  regulatory criteria at the time of application.
3       As such, Plaintiffs' fifth claim for relief in their first amended complaint should be dismissed for
4  failure to state a claim. Moreover, any further amendment to add claims against DOS would be futile
5  because Plaintiffs cannot cure the deficiencies in the pleading.

**VI.   CONCLUSION**

       For the foregoing reasons, the Court should grant Defendant DOS's motion and dismiss Plaintiffs' fifth claim for relief from their amended complaint with prejudice.

Dated:  September 29, 2025                    Respectfully submitted,

                                              CRAIG H. MISSAKIAN
                                              United States Attorney


                                              *s/ Elizabeth D. Kurlan*
                                              ELIZABETH D. KURLAN
                                              Assistant United States Attorney

                                              Attorneys for Defendants