Andre Y. Bates (SBN 178170) (aybates@dehengsv.com)
Keliang (Clay) Zhu (SBN 305509) (czhu@dehengsv.com)
**DEHENG LAW OFFICES PC.**
7901 Stoneridge Drive, Suite 208
Pleasanton, CA 94588
T: 925-399-6702
F: 925-397-1976

Justin Sadowsky – Admitted *Pro Hac Vice*
CHINESE AMERICAN LEGAL
DEFENSE ALLIANCE
4250 N Fairfax Drive #600
Arlington, VA 22203
T: 646-785-9154
E: justins@caldausa.org

*Attorneys for Plaintiffs*
*Zhuoer Chen, Mengcheng Yu,*
*Jiarong Ouyang, and Gexi Guo*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHUOER CHEN, an individual; MENGCHENG YU, an individual; JIARONG OUYANG, an individual; and GEXI GUO, an individual;<br><br>        Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security; and TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement;<br><br>        Defendants. | Case No. 3:25-cv-03292-JSW<br><br>**OPPOSITION TO MOTION TO STAY** |

Justice delayed is justice denied. The Government in this case unlawfully cancelled thousands of student visas in April, leaving thousands of foreign students unable to leave the country, or go home and see their families, should they want to continue their studies. Meanwhile, the Government will suffer no harm—none at all—should the Court decline to stay the case.

## ARGUMENT

Whether to grant a stay is within the "sound discretion" of this Court. *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013). That discretion is typically guided by balancing the "(1) possible damage from granting a stay, (2) the hardship to a party from being required to go forward, and (3) judicial efficiency." *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024). The burden of establishing the need for a stay is on the moving party, here, the Government. *Klamath-Siskiyou Wildlands Ctr. v. Grantham*, No. 18-cv-02785, 2019 WL 7374626, at *1 (E.D. Cal. Jan. 4, 2019) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

### I.    The harm caused by a stay will be significant.

Sometime in early April 2025, ICE and State, relying on sloppy data searches of the NCIC, unlawfully cancelled visas and SEVIS statuses for thousands of foreign students here in the United States.  *See Doe* Dkt. 52-1, Ex. A, 67, Ex. B. Based on the preliminary injunction issued in this case, the SEVIS status for those students has been restored, and those thousands of students will not be arrested or deported because of the SEVIS revocations. But the revocations, made under 8 U.S.C. § 1201(i), make students both inadmissible and deportable. *See* 8 U.S.C. § 1227(a)(1)(b). While the Government has represented (without pointing to any Congressional authorization for doing so) that these revocations are "prudential" and only effective upon an individual leaving the country, that still puts students studying in the United States in a Hobson's Choice: Leave the country (whether to visit family, for vacation, to save

**NOTICE OF MOTION FOR TEMPORARY RESTRAINING ORDER**

money during summer break, or for reasons related to their studies) and be unable to return, or remain in the country and forego that travel, but be able to complete their studies. While this litigation (on behalf of Plaintiffs and all similarly situated people) is pending, these students are effectively forced to remain in the United States. And summer break is coming up fast.

And while the Government has not requested a shutdown-related stay in the Court of Appeals (where part of this case currently rests), *see Chen v. Noem*, 25-4251, it has asked for the Court there to remand the case back to this Court to (once again) modify the preliminary injunction in line along the lines of the parties' agreement during the stay-pending-appeal briefing. *See* 25-4251 Dkt. 10 at 4-5 (arguing that the agreed-upon amendment was jurisdictionally and procedurally improper); *but see* 25-4251 Dkt. 11 at 5-6 (explaining that the District Court's actions were proper, and even if they were not, there would be no harm because the preliminary injunction would be stayed pending appeal to the same effect anyway, so any additional or renewed modifications to the injunction could happen on remand). If the Ninth Circuit agrees with the Government there, and this Court issues a stay here, then it will effectively cause an indefinite stay of the Ninth Circuit portion of this case, as well.

## II.    The Government will suffer no harm from a stay.

The Government implies that it is prohibited from doing further work on this case. Dkt. 103 at ¶ 2. But this representation is not being forthright with the Court. The Government falsely suggests that DOJ attorneys may only work for "the safety of human life or the protection of property," 31 U.S.C. § 1342. This effectively confirms what we all know—that cancelling these visas cannot be justified by any risk to person or property. But it ignores that DOJ attorneys may also continue work when "authorized by law." 31 U.S.C. §§

1341(a)(1)(B), 1342. In its contingency plan for a lapse in government funding, the DOJ interprets this provision to mean its civil litigators must generally request a stay of ongoing litigation, but "[i]f a court denies such a request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." U.S. Dep't of Just., FY 2026 Contingency Plan 3 (Sept. 29, 2025), https://perma.cc/2Z6L-VBJX; *see also Kornitzky Group, 13 LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., concurring) (concluding that government attorneys may continue litigating as "authorized by law" when the court denies a motion for stay). In short, this action can proceed normally if the Court simply denies the requested stay.

As a result, courts around the country have denied stay requests like this one. *See, e.g., United States v. Maine*, 24-cv-315, Dkt. 45 (D. Me. Oct. 9, 2025) ("Nor has the United States identified good cause—beyond the lack of appropriations—to justify staying the case"); *Bautista v. Santacruz Jr.*, No. 25-cv-01873 (C.D. Cal. Oct. 3, 2025), Dkt. No. 68 (denying stay when, "despite the government shutdown, Immigration and Customs Enforcement continues to remove noncitizens"); *Perdomo v. Noem*, No. 25-cv-05605 (C.D. Cal. Oct. 10, 2025), Dkt. No. 220 (denying stay "[b]ecause of the impact on fundamental constitutional rights and because it appears that the federal government intends to continue the [challenged immigration] stops despite the shutdown"); *National TPS Alliance v. Noem*, No. 25-cv-05687 (N.D. Cal. Oct. 3, 2025), Dkt. No. 138 (denying stay in immigration case seeking to enjoin termination of Temporary Protected Status). This Court should do the same.

And if DOJ attorneys are authorized to work on the case, there is no harm. After all, there should be less competing pressures on their time.

Nor is there much for the Government to do at this point in the litigation. It may (if it chooses) file an optional reply, which is currently due on Tuesday (Plaintiffs are amendable

NOTICE OF MOTION FOR TEMPORARY RESTRAINING ORDER

to a reasonable extension).[1] There is then a hearing on November 21 on the Motion to Dismiss (which the Court can cancel, deciding the case on the briefs, as it did with the motion for an amended preliminary injunction). Otherwise, there is no work to do for DOJ attorneys in this case anyway.

**III.    Judicial efficiency favors denial of a stay.**

If there is a stay, as the Motion admits, there will need to be additional scheduling of that needs to take place to unpause the litigation (which, for some reason, will itself take the Government an additional two weeks). Dkt. 103 at ¶ 6. This will require additional paper, moving around the Court's schedule, and (depending on how long the shutdown lasts) even additional briefing to address changed legal or factual environments. If the Ninth Circuit remands to this Court, that, too, will have to be figured out.

In contrast, denying the motion one minor effect: requiring a short extension to the Government so that it can file its reply, which itself could have been avoided had the Government not waited until three business days before its reply was due in order to file this stay request.[2] Otherwise, should the Court deny the motion, the shutdown will not impact this litigation at all.

## CONCLUSION

The Court should deny the Motion to stay.

---

[1] Plaintiffs note that, for the second time in this case, the Government has waited until the last second to ask for emergency relief, requiring expedited responses from Plaintiffs' attorneys.
[2] The Government reached out for consent on this stay request to Plaintiffs on Tuesday, and Plaintiffs notified the Government of its opposition that same day.

Respectfully submitted,

Justin Sadowsky
(VA Bar 73382) (*pro hac vice*)
CHINESE AMERICAN LEGAL
DEFENSE ALLIANCE
4250 N. Fairfax Drive #600
Arlington, VA 22203
646-785-9154 (no fax number)
justins@caldausa.org

/s/ Keliang (Clay) Zhu
Keliang (Clay) Zhu (CA Bar No 178170)
Andre Y. Bates* (CA Bar No 305509)
CHINESE AMERICAN LEGAL
DEFENSE ALLIANCE
7901 Stoneridge Drive #208
Pleasanton, CA 94588
925-399-6702 (no fax number)
czhu@dehengsv.com
Attorneys for Plaintiffs