UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ZHUOER CHEN, et al., | Case No. 25-cv-03292-JSW |
|---|---|
| Plaintiffs, | **ORDER DENYING FEDERAL DEFENDANTS' ADMINISTRATIVE MOTION FOR A STAY IN LIGHT OF LAPSE OF APPROPRIATIONS AND EXTENDING DEADLINE TO REPLY** |
| v. | |
| KRISTI NOEM, et al., | |
| Defendants. | Re: Dkt. No. 103 |

This matter comes before the Court upon consideration of the Federal Defendants' administrative motion to stay these proceedings pending resolution of the lapse in appropriations that has resulted from the federal government shutdown. Plaintiffs oppose the motion. The Court has considered the parties' positions, relevant legal authority, and the record in this case, and it DENIES the motion.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Whether to issue a stay is based upon the trial court's sound discretion and basic principles of equity, fairness, efficiency, and conservation of judicial resources. *See Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972). The competing interests that the Court must weigh in deciding whether to grant a stay include: (1) "possible damage which may result from granting a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 265

(citing *Landis*, 299 U.S. at 254-55). The third factor is not at issue in this case.

Starting with the harm that a stay might cause to the Defendants, they move for the stay pursuant to the Anti-Deficiency Act. Under that act, attorneys in the Department of Justice and United States Attorneys' Office are prohibited from working "except for emergencies involving the safety of human life or the protection of property. 31 U.S.C. § 1342. However, as Plaintiffs note, the Department of Justice's contingency plan accounts for the fact that a court may deny a request to stay a civil case. In those instances, "the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." *See* U.S. Dep't of Just., FY 2026 Contingency Plan 3 (Sept. 29, 2025), https://perma.cc/2Z6L-VBJX. Defendants have not offered any other basis to stay this case. Defendants also do not suggest they would not enforce the visa revocations that give rise to Plaintiffs' claims, if Plaintiffs leave the United States.

The Court also considers the harm to the Plaintiffs if it grants a stay. Although it denied their motion for a temporary restraining order because it did not find they met their burden to show immediate and irreparable injury, holidays are approaching. In addition, the Defendants' motion to dismiss is almost fully briefed, and the parties would benefit from a ruling that addresses the merits of Plaintiffs' claims.

Accordingly, having balanced the harms to both parties and in the exercise of its discretion, the Court DENIES Defendants' motion. The Court *sua sponte* extends the deadline for Defendants to file a reply to October 31, 2025. If the Court determines the motion can be resolved without oral argument, it will advise the parties in advance of the hearing currently set for November 21, 2025.

**IT IS SO ORDERED**.

Dated: October 20, 2025

JEFFREY S. WHITE
United States District Judge