UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHOUER CHEN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>KRISTI NOEM, et al.,<br><br>　　　　　Defendants. | Case No. 25-cv-03292-JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. No. 101 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON November 21, 2025, AT 9:00 a.m., which will be held by Zoom webinar. The parties should not simply reargue matters addressed in their briefs and shall not file written responses to this Notice of Questions.

If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to file a notice listing those authorities, with pin cites and without argument, by no later than 4:00 p.m. on Thursday, November 20, 2025. The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court will make exceptions only for authority decided after that deadline. *Cf.* N.D. Civil Local Rule 7-3(d).

The parties shall be prepared to address the questions that follow. The parties shall presume the Court finds Plaintiffs' allegations of a program or policy sufficient. They also shall presume the Court concludes 8 U.S.C. section 1201(i) ["Section 221(i)"] applies to individuals who have already been admitted to the United States.

1. The State Department argues that Plaintiffs cannot state an APA claim because Section 221(i) precludes review of individual and programmatic challenges. How does it account for the fact that Congress used the singular when drafting Section 221(i), a drafting convention

that appears throughout all of Section 221?

2. Although neither party cites any authority that is directly on point, *Alharbi v. Miller*, a putative class action provides some support for the State Department's position. 368 F. Supp. 3d 527, * (E.D.N.Y. 2019). How would Plaintiffs distinguish *Alharbi*? Does the State Department have any additional authority to support their position that the Court could not review a programmatic challenge to visa revocations?

3. The State Department also argues that the Court cannot review Plaintiffs' APA claim because visa revocations are "committed to agency discretion as a matter of law." 5 U.S.C. § 701(a)(2). This judicial review exception is "very narrow." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971). Section 701(a)(2) will apply "in those rare instances where statutes are drawn in such broad terms that in a given case there is no law to apply." *Id.* (cleaned up). Again, presuming the Court accepts Plaintiffs' allegations that they are challenging a policy or program, what is the State Department's best argument that there is "no law" the Court could apply to review that policy?

**IT IS SO ORDERED**.

Dated: November 19, 2025

JEFFREY S. WHITE
United States District Judge