UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZHUOER CHEN, et al.,

          Plaintiffs,

     v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, et al.,

          Defendants.

Case No. 25-cv-03292-JSW

**ORDER GRANTING MOTION TO DISMISS FIFTH CLAIM FOR RELIEF IN FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND**

Re: Dkt. No. 101

This matter comes before the Court upon consideration of the motion to dismiss filed by Marco Rubio, in his official capacity as Secretary of State ("the State Department").[1] The Court has considered the parties' papers, relevant legal authority, the record in this case, and oral argument, and the Court GRANTS the State Department's motion and GRANTS leave to amend.

**BACKGROUND**

The Visa Plaintiffs were admitted to the United States on F-1 visas. Tao and Wu are enrolled in graduate and undergraduate programs, respectively. Li is engaged in Optional Practical Training. (First Amended Complaint ("FAC"), ¶¶ 13-15.) In April 2025, Visa Plaintiffs were among thousands of F-1 visa holders who had their SEVIS records terminated as part of the Student Criminal Alien Initiative, pursuant to which the Department of Homeland Security ("DHS") leadership instructed Immigrations and Customs Enforcement ("ICE") "to take the

---

[1] Secretary Mullin is substituted in automatically in favor of former Secretary Noem pursuant to Federal Rule of Civil Procedure 25(d). On July 29, 2025, Plaintiffs amended to include Jing Tao ("Tao"), Yifing Wu ("Wu"), and Wanrong Li ("Li") (collectively "Visa Plaintiffs") and the fifth claim against the State Department.

United States District Court
Northern District of California

population of nonimmigrant students studying in the United States and run them through the National Crime Information Center's ('NCIC') database." *See Doe v. Trump*, 784 F. Supp. 3d 1297, 1305-06 (N.D. Cal. 2025) (cleaned up).

Visa Plaintiffs allege that either shortly before or shortly after their SEVIS records were terminated, the State Department revoked their visas along with "most, if not all, still-valid visas of those whose SEVIS status was terminated." (FAC ¶¶ 31, 48-49, 51, 53.) Visa Plaintiffs also allege that the State Department subsequently represented that their visas would be revoked effective upon their departure from the United States. (*Id.* ¶ 60.) Each Visa Plaintiff received a notice stating additional information became available after their visas were issued and, as a result, their visas were revoked pursuant to Immigration and Nationality Act ("INA") section 221(i), 8 U.S.C. section 1201(i), (hereinafter "Section 221(i)"). (*See, e.g.,* Dkt. No. 92, Corrected Ex. E to Renewed Motion for Preliminary Injunction.)

Visa Plaintiffs allege the State Department's decision to terminate their F-1 visas is both contrary to law and is arbitrary and capricious, in violation of the Administrative Procedure Act ("APA"). They ask the Court to issue injunctive relief that would require Secretary Rubio

> to withdraw the effective-in-the-future revocation of the F-1 visas for Plaintiffs Tao, Wu, and Li, and all similarly situated F-1 visa holders -- whose visa revocations were part of mass SEVIS terminations in April 2025 and who have not been convicted of any criminal offense, have maintained academic standing, and are otherwise in compliance with the terms of their visa -- and prohibiting [Secretary] Rubio from further revocations of those visas beyond the statutory authority of 8 U.S.C. § 1201(i). To the extent any visa revocations are deemed already occurred by the Court (either based on its interpretation of [Secretary] Rubio's actions or because an individual has departed the United States, the Court should order [Secretary] Rubio to restore any already-revoked visas.

(FAC, Prayer for Relief, ¶ 3.)

The Court will address additional facts in the analysis.

//

//

//

//

2

**ANALYSIS**

**A.      Applicable Legal Standards.**

Under Federal Rule of Civil Procedure 12(b)(6), the Court must accept Visa Plaintiffs' allegations and reasonable inferences therefrom as true.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Visa Plaintiffs' obligation to provide the grounds of their "entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] … Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* (citations omitted).  "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  If Visa Plaintiffs fail to state a claim, the Court should generally grant them leave to amend.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.      The Court Grants the State Department's Motion.**

The Visa Plaintiffs' only claim against the State Department is for alleged violations of the APA, which permits a court to "hold unlawful and set aside agency action, findings and conclusions found to be - arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  The APA "embodies the basic presumption of judicial review to one suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." *Abbott Labs. v. Gardner*, 387 U.S. 136, 140 (1967) (cleaned up).  There is no cause of action under the APA if a statute "preclude[s] judicial review" or if "agency action is committed to agency discretion by law." *Id.* § 701(a)(1)-(2).  The latter provision applies in the "rare instance" a statute is "drawn in such broad terms that in a given case there is no law to apply." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971).

The State Department argues Visa Plaintiffs cannot bring a claim under the APA because Section 221(i) precludes judicial review and visa revocations are committed to its discretion.  Section 221(i) provides:

[a]fter the issuance of a visa or other documentation to any alien, the consular officer *or the Secretary of State may at any time, in his discretion*, revoke such visa or other documentation. Notice of such revocation shall be communicated to the Attorney General, and such revocation shall invalidate the visa or other documentation from the date of issuance: Provided, That carriers or transportation companies, and masters, commanding officers, agents, owners, charterers, or consignees, shall not be penalized under section 1323(b) of this title for action taken in reliance on such visas or other documentation, unless they received due notice of such revocation prior to the alien's embarkation. *There shall be no means of judicial review* (including review pursuant to section 2241 of Title 28 or any other habeas corpus provision, and sections 1361 and 1651 of such title) *of a revocation under this subsection, except in the context of a removal proceeding if such revocation provides the sole ground for removal under section 1227(a)(1)(B) of this title.*[2]

8 U.S.C. § 1201(i) (emphasis added) (hereinafter "Section 221(i)"); *see also* 22 C.F.R. § 41.122(a) ("Grounds for revocation by consular officers. A consular officer, the Secretary, or a Department official to whom the Secretary has delegated this authority is authorized to revoke a nonimmigrant visa at any time, in his or her discretion.").

### 1.    Section 221(i) is Applicable to Non-Immigrants Who Have Been Admitted.

Visa Plaintiffs argue Section 221(i) does not bar their claim because it applies only to individuals who have not been admitted to the United States. (*See* FAC ¶¶ 23, 87.) The Court starts, as it must, with the plain language of the statute. *See, e.g., Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009). Section 221(i) expressly provides that the Secretary of State or a consular officer has discretion to revoke a visa "at any time." That language is clear and does not include any geographical limitations. In addition, Plaintiffs' interpretation is not supported by the reference to removal proceedings in the last sentence.

Even if Section 221(i) was ambiguous, the legislative history does not support Plaintiffs' interpretation. The version of the bill that was adopted did not include language that suggests a visa could be revoked only before an alien was admitted to the United States. *See* Revision of Immigration, Naturalization, and Nationality Law: Hearing on S. 716, H.R. 2379, and H.R. 2816

---

[2]    Section 1227(a)(1)(B), in turn, provides that an alien "who is present in the United States in violation of this chapter or any other law of the United States, or whose nonimmigrant visa … has been revoked under section 1201(i) of this title" shall be removed.

Before the S. Comm. on the Judiciary and the H. Comm. on the Judiciary, 82nd Cong., at 516 (1951).

Visa Plaintiffs do not cite any authority that expressly adopts their interpretation of Section 221(i).  Although the Court has not located any Ninth Circuit authority directly on point, the Fifth Circuit has considered the issue.  *See Knoetze v. U.S. Dep't of State*, 634 F.2d 207, 210 (5th Cir. 1981).  That court concluded the phrase "at any time" was unambiguous and held "that Congress has conferred upon the Secretary the authority to revoke the visa of an alien 'at any time,' even after he has entered our country."  *Id.*  The Court finds that portion of *Knoetze* persuasive.

Section 221(i) does provide for judicial review in a removal proceeding under 8 U.S.C. section 1227(a)(1), which is entitled "Inadmissible at time of entry or of adjustment of status or violates status."  Visa Plaintiffs argue that heading of Section 1227 supports their position that Section 221(i) does not apply to non-immigrants who have been admitted to the United States.  A court may look to "the title of a statute and the heading of a section" to resolve a "doubt about the meaning of a statute."  *Almendarez-Torres v. United States*, 523 U.S. 224, 234 (1998) (cleaned up).  The Court concludes the phrase "at any time" in Section 221(i) is clear and unambiguous.  Even if the Court were to consider the heading of Section 1227(a)(1), the Court concludes it does not assist Visa Plaintiffs.  They offer no argument about why a nonimmigrant's "adjustment of status" or violation of status would occur only *before* a nonimmigrant has been admitted to the United States.

The Court concludes Visa Plaintiffs fail to show Section 221(i) applies only to individuals who have not yet entered the United States.

**2.      The Court Concludes Section 221(i) Bars Visa Plaintiffs' APA Claim.**

Visa Plaintiffs also argue Section 221(i) does not bar their claim because they are challenging and trying to set aside the State Department's policy of revoking visas of any individual who had their SEVIS records terminated or revoking visas based on an NCIC hit.  (*See, e.g.,* FAC ¶¶ 33, 87.)  The Court accepts the allegations that a policy exists as true, but Visa Plaintiffs allege that the final agency action at issue is the termination of visas, not the policy.

United States District Court
Northern District of California

(FAC ¶ 86.)[3]

As it is currently drafted, the Court concludes the Visa Plaintiffs' APA claim is barred by the terms of Section 221(i).  Because the Court cannot say it would be futile, it will grant Visa Plaintiffs leave to amend this claim by no later than April 30, 2026.

**IT IS SO ORDERED**.

Dated: April 9, 2026

_____
JEFFREY S. WHITE
United States District Judge

---

[3]     Those allegations are consistent with Plaintiffs' allegations that the final agency action at issue with respect to their claims against DHS was the termination of their SEVIS records, not the policy that led to those terminations.