CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

NAG YOUNG CHU (NYBN 5925821)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7478
FAX: (415) 436-7234
Jeremy.Chu@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZHUOER CHEN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security, *et al.*,<br><br>Defendants. | CASE No. 4:25-CV-03292-JSW<br><br>**DEFENDANT RUBIO'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Hon. Jeffrey S. White<br>United Stated District Judge |

Defendant Marco Rubio ("Defendant" or "Defendant Rubio"), in his official capacity as Secretary of State, by his undersigned counsel, hereby answer Plaintiffs' Second Amended Complaint for Declaratory and Injunctive Relief, upon information and belief, as follows. All allegations in the Second Amended Complaint are denied unless specifically admitted herein.

## INTRODUCTION

1. This paragraph consists of Plaintiffs' characterization of the factual background of this action, to which no response is required. To the extent that a response is required, Defendant lacks sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore denies.

2. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant lacks sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore denies.

3. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant lacks sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore denies.

4. Defendant denies.

5. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to Plaintiffs' expertise. To extent a response is required Defendant admits said allegations. The remainder of the allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant lacks sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore denies.

6. The first sentence of this paragraph pertains to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant lacks

sufficient information or knowledge on which to admit or deny those allegations in this paragraph and therefore denies. Defendant Rubio admits the allegations pertaining to the visas of Plaintiffs Yu, Ouyang, and Chen. The last sentence contains Plaintiffs' characterization of filings or statements made on behalf of Defendant Rubio and Defendant denies the allegations insofar as they misconstrue or mispresent the content of those filings, which speak for themselves.

7. This paragraph consists of Plaintiffs' characterization of the factual background of this action, to which no response is required. To the extent that a response is required, Defendant admits the final sentence insofar as the adjudicatory decisions of Defendant's officers and agents were not and are not disturbed by decisions of U.S. Immigration and Customs Enforcement ("ICE") regarding Plaintiffs' Student and Exchange Visitor Information System ("SEVIS") status.

8. This paragraph consists of Plaintiffs' characterization of their claims and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

**JURISDICTION AND VENUE**

9. This paragraph contains Plaintiffs' legal conclusion regarding jurisdiction and venue, and Defendant respectfully refers the Court to the cited statutes for a full and accurate statement of their contents. To the extent a response is required, Defendant admits that the Court has jurisdiction over this case and venue is proper.

**PARTIES**

10. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to Plaintiffs' expertise. To extent a response is required Defendant admits said allegations.

11. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to Plaintiffs' expertise. To extent a response is required Defendant admits said allegations.

12. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to Plaintiff's expertise. To extent a response is required Defendant admits said

allegations. This remainder of this paragraph consists of Plaintiffs' characterization of their claims and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

13. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to Plaintiff's expertise. To extent a response is required Defendant admits said allegations. This remainder of this paragraph consists of Plaintiffs' characterization of their claims and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

14. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to Plaintiff's expertise. To extent a response is required Defendant admits said allegations. This remainder of this paragraph consists of Plaintiffs' characterization of their claims and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

15. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to Plaintiff's expertise. To extent a response is required Defendant admits said allegations. This remainder of this paragraph consists of Plaintiffs' characterization of their claims and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

16. This paragraph pertains to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant admits this allegation.

17. This paragraph pertains to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant admits this allegation.

18. Defendant admits.

**LEGAL FRAMEWORK**

19. This paragraph pertains to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies, which speak for themselves and are the best evidence of their contents; any allegation contrary to their plain meaning and contents is denied.

20. This paragraph contains Plaintiffs' legal conclusions as to certain statutory and regulatory authorities, which speak for themselves and are the best evidence of their contents; any allegation contrary to their plain meaning and contents is denied.

21. This paragraph pertains to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies, which speak for themselves and are the best evidence of their contents; any allegation contrary to their plain meaning and contents is denied.

22. This paragraph pertains to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies, which speak for themselves and are the best evidence of their contents; any allegation contrary to their plain meaning and contents is denied.

23. This paragraph consists of Plaintiffs' characterization of their claims and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies all allegations contrary to the plain meaning and contents of 8 U.S.C. § 1201(i) and Plaintiffs' conclusions of law.

24. This paragraph consists of Plaintiffs' conclusions of law to which no response is required. To the extent that a response is required, Defendant denies all allegations contrary to the plain meaning and contents of 8 U.S.C. § 1201(i) and relevant legal standards, which speak for themselves and are the best evidence of their contents.

25. This paragraph describes the relief Plaintiffs seek, to which no response is required. To the extent a response is required, Defendant Rubio notes that the relief requested pertains to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security

and its component agencies, lacks sufficient information or knowledge as to whether Plaintiffs are entitled to relief under these authorities, and therefore denies.

## FACTUAL ALLEGATIONS

26. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant lacks sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore denies.

27. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant lacks sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore denies.

28. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant lacks sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore denies.

29. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant lacks sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore denies.

30. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant lacks sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore denies.

31. Defendant admits that individuals whose visas were revoked pursuant to 8 U.S.C. § 1201(g) received notice of revocation, whose content speaks for themselves. Defendant denies the remaining allegations in this paragraph.

32. Defendant denies.

33. Defendant denies.

34. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to Plaintiffs' expertise. To extent a response is required Defendant admits said allegations.

35. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant lacks sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore denies.

36. Defendant lacks sufficient information or knowledge on which to admit or deny the allegations in this paragraph. To the extent that a response is required Defendant admits the allegations.

37. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to Plaintiffs' expertise. To extent a response is required Defendant admits said allegations. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to Plaintiff Yu's entire criminal record within or without the United States. To extent a response is required Defendant denies said allegations.

38. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to Plaintiffs' expertise. To extent a response is required Defendant admits said allegations. The remaining allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant lacks sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore denies.

39. Defendant admits that Plaintiff did not receive notice of revocation of a valid visa. Defendant denies the remaining allegations insofar as they pertain to the adjudicatory decisions of Defendant's officers and agents.

40. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to Plaintiffs' expertise. To extent a response is required Defendant admits said allegations. The remaining allegations in this paragraph pertain to legal authorities, policies, and alleged

actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant lacks sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore denies.

41. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to Plaintiffs' expertise. To extent a response is required Defendant admits said allegations.

42. Defendant admits that Plaintiff Ouyang was arrested, but not convicted, for an offense related to domestic violence. Defendant denies that Plaintiff Ouyang's visa was based "as a result of the arrest". The remaining allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant lacks sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore denies.

43. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant lacks sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore denies.

44. Defendant lacks sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore denies.

45. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to Plaintiffs' expertise. To extent a response is required Defendant admits said allegations.

46. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to Plaintiffs' expertise. To extent a response is required Defendant admits said allegations.

47. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to the entirety of Plaintiff Tao's contact with law enforcement within or without the

United States, and to extent a response is required Defendant denies said allegations. Defendant admits the remainder of the allegations in this paragraph insofar as they accurately reflect the information recorded by the records of the law enforcement agencies involved, which speak for themselves, and deny any allegations inconsistent therewith.

48. Defendant denies.

49. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to Plaintiffs' expertise. To extent a response is required Defendant admits said allegations. Defendant admits the final sentence insofar as the adjudicatory decisions of Defendant's officers and agents were not and are not disturbed by ICE's decisions regarding Plaintiffs' SEVIS status.

50. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to the entirety of Plaintiff Wu's contact with law enforcement within or without the United States, and to extent a response is required Defendant denies said allegations. Defendant admits the remainder of the allegations in this paragraph insofar as they accurately reflect the information recorded by the records of the applicable law enforcement agencies judicial bodies, which speak for themselves, and deny any allegations inconsistent therewith.

51. Defendant denies.

52. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to Plaintiffs' expertise. To extent a response is required Defendant admits said allegations.

53. Defendant admits.

54. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to Plaintiff Li's communication with the University of Southern California. To extent a response is required Defendant admits said allegations.

55. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to Plaintiffs' expertise. To extent a response is required Defendant admits said allegations. Defendant denies the parenthetical allegation in this paragraph.

56. Defendant denies that Plaintiff Li is "approved for an H-1B visa" or any allegation that "she cannot visit her family in China" as a result of a consular officer's decision to revoke a visa pursuant

to 8 U.S.C. § 1201(i). Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations in this paragraph. To the extent a response is required, Defendant admits the allegations.

57. Defendant lacks sufficient information to or knowledge on which to admit or deny the allegations related to Plaintiff Li's mental state. To extent a response is required Defendant admits said allegations. Defendant denies the remaining allegations in this paragraph.

**SUBSEQUENT EVENTS**

58. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant lacks sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore denies.

59. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant lacks sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore denies.

60. Defendant admits the allegation regarding representations in other cases insofar as that guidance clarifies the effect of any revocation action pursuant to 8 U.S.C. § 1201(i) that is prudential and effective upon departure, which applies to Plaintiffs Ouyang, Tao, Wu, and Li. Defendant lacks sufficient information or knowledge on which to admit or deny the allegations concerning Plaintiffs' physical presence in the United States and therefore denies.

61. Defendant admits the allegations regarding the statutory authority under which four Plaintiffs' visas were revoked. The remaining allegations pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant lacks sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore denies.

62. This paragraph pertains to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies, which speak

for themselves and are the best evidence of their contents; any allegation contrary to their plain meaning and contents is denied.

63. Defendant respectfully refers the Court to the order referenced in this paragraph for a complete and accurate description of its contents and denies all allegations inconsistent therewith.

64. Defendant admits that the decisions made pursuant to 8 U.S.C. § 1201(i) with regard to Plaintiffs Ouyang, Tao, We, and Li remain in effect. Defendant denies the characterization of these decisions in this paragraph.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

65. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. Defendant Rubio incorporates by reference his responses to the allegations set forth above concerning any legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of State.

66. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant denies the allegations.

67. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant denies the allegations.

68. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant denies the allegations.

69. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant denies the allegations.

## SECOND CLAIM FOR RELIEF

70. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. Defendant Rubio incorporates by reference his responses to the allegations set forth above concerning any legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of State.

71. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant denies the allegations.

72. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant denies the allegations.

73. The first sentence of this paragraph presents Plaintiffs' summation of the Fifth Amendment to the Constitution of the United States of America, which speaks for itself and all allegations concerning the contents inconsistent therewith are denied. The remaining allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant denies the allegations.

74. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant denies the allegations.

## THIRD CLAIM FOR RELIEF

75. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. Defendant Rubio incorporates by reference his responses to the allegations set forth above concerning any legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of State.

76. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant denies the allegations.

77. The first sentence in this paragraph contains Plaintiffs' summation of judicial precedent related to the Fifth Amendment to the Constitution of the United States of America, which speaks for itself and all allegations concerning the contents inconsistent therewith are denied. The remaining allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant denies the allegations.

78. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant denies the allegations.

**FOURTH CLAIM FOR RELIEF**

79. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. Defendant Rubio incorporates by reference his responses to the allegations set forth above concerning any legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of State.

80. The first sentence of this paragraph presents Plaintiffs' summation of the Fifth Amendment to the Constitution of the United States of America, which speaks for itself and all allegations concerning the contents inconsistent therewith are denied.

81. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant denies the allegations.

82. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant denies the allegations.

83. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant denies the allegations.

84. The allegations in this paragraph pertain to legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of Homeland Security and its component agencies. To the extent that a response is required on behalf of Defendant Rubio, Defendant denies the allegations.

**FIFTH CLAIM FOR RELIEF**

85. Defendant Rubio incorporates by reference his responses to the allegations set forth above concerning any legal authorities, policies, and alleged actions assigned to or taken on behalf of the U.S. Department of State.

86. Defendant denies.

87. Defendant denies.

88. Defendant denies.

89. Defendant denies.

**PRAYER FOR RELIEF**

Paragraphs 1-5 of this section consist of Plaintiffs' requests for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to any form of relief.

Defendant denies every allegation contained in the Second Amended Complaint not specifically admitted or otherwise responded to in their Answer. Defendant reserves the right to amend, alter, and supplement this Answer if further facts are developed or if errors in drafting this Answer are discovered.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Defendants deny every allegation of the Second Amended Complaint that has not been specifically admitted above.

**SECOND DEFENSE**

Plaintiffs have failed to state a claim upon which relief can be granted.

**THIRD DEFENSE**

This Court lacks subject matter jurisdiction over all or part of Plaintiffs' claims.

**FOURTH DEFENSE**

Plaintiffs' claims are moot and therefore nonjusticiable.

**FIFTH DEFENSE**

Plaintiffs fail to meet the legal standards necessary to obtain the relief sought.

**SIXTH DEFENSE**

Plaintiffs lack standing to bring their claims.

**SEVENTH DEFENSE**

The Second Amended Complaint fails to identify a final agency action subject to judicial review.

**EIGTH DEFENSE**

Defendants' actions are not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, and are supported by substantial evidence.

**NINTH DEFENSE**

Plaintiffs are not entitled to an award of attorney's fees or costs.

**TENTH DEFENSE**

Defendants may have additional defenses not known at this time which may be discerned through discovery and specifically preserve all other defenses as they are ascertained under Fed. R. Civ. P. 8(c).

WHEREFORE, having fully answered the Second Amended Complaint, Defendant respectfully requests that the Court: (1) dismiss the Second Amended Complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

Date: October 2, 2026

Respectfully submitted,

CRAIG MISSAKIAN
United States Attorney

By: __*/s/ Nag Young Chu*_______________
NAG YOUNG CHU
Assistant United States Attorney

Attorneys for the Defendant