Keliang (Clay) Zhu (SBN 305509) (czhu@dehengsv.com)
Yi Yao (SBN 292563) (yyao@dehengsv.com)
**DEHENG LAW OFFICES PC**
7901 Stoneridge Drive, Suite 208
Pleasanton, CA 94588
T: 925-399-6702
F: 925-397-1976

Justin Sadowsky – Admitted Pro Hac Vice
CHINESE AMERICAN LEGAL DEFENSE ALLIANCE
4250 N Fairfax Drive #600
Arlington, VA 22203

T: 646-785-9154
E: justins@caldausa.org

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ZHUOER CHEN, *et al.*,

Plaintiffs,

vs.

MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security, *et al.*,

Defendants.

Case No. 4:25-cv-03292-JSW

**MOTION TO REQUIRE DEFENDANT MARCO RUBIO TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

The Honorable Jeffrey S. White

The State Department Plaintiffs, Jing Tao, Yifeng Wu, and Wanrong Li, move this Court to require Defendant Marco Rubio ("State") to supplement the record by providing an unredacted version of Document 2. Doc. 164-1 (under seal).[1]

State redacts [redacted] State's only basis for doing so is the Deliberative Process Privilege, which only applies to predecisional deliberations. [redacted] are neither predecisional to the policy nor deliberative. But even if they were, the Plaintiffs' need for [redacted] is substantial enough to overcome the privilege, particularly given the lack of alternative ways to determine [redacted] State's role in executing the policy, and the fact that simply disclosing [redacted] would not chill deliberations about [redacted] except to the extent that it prohibits State from engaging [redacted] that cannot be challenged in court.

**BACKGROUND**

Plaintiffs in this case challenge whether State's policy of mass terminating visas back in April 2025 was arbitrary and capricious and illegal. 2A Complaint (Doc. 127) ¶ 88.

State produced a (mostly redacted) record. Document 2 [redacted]

---

[1] State has labeled the entire administrative record confidential and attorneys' eyes only. Plaintiffs are in the process of challenging that mass designation under the protective order's process for doing so. Until then, Plaintiffs have filed this Motion under seal, placing a partially redacted version on the public docket.

[redacted]

[redacted]

On State's privilege log, the only basis for redactions is the deliberative process privilege. Doc.

[2] This document is also (incorrectly) redacted based on the Deliberate Process Privilege, as well as based on personal identifiable information. In the meet and confer process, Counsel for State represented to Plaintiffs that all redactions in the flowchart are to either parts that are irrelevant to this case or to personal identifiable information. *See* Doc. 164-2. While relevance is not ordinarily a reason for redacting documents, and it is not clear how significant parts of a flowchart of the policy being challenged can be irrelevant to the challenge, Plaintiffs will take counsel at his word as an officer of the Court with a duty of candor.

162-3.

## ARGUMENT

**I. The Deliberative Process Privilege does not apply.**

The Deliberative Process Privilege only applies to predecisional deliberations. *See F.T.C. v. Warner Commc'ns, Inc.,* 742 F.2d 1156, 1161 (9th Cir. 1984). "[C]ourts should construe the privilege narrowly and strictly." *California Native Plant Soc'y v. E.P.A.*, 251 F.R.D. 408, 410 (N.D. Cal. 2008) (citing *Coastal States Gas Corp. v. Dept. of Energy*, 617 F.2d 854, 868 (D.C.Cir.1980)). When an agency adopts a policy, the adopted policy "loses i[t]s deliberative process protection." *Cook v. Watt,* 597 F. Supp. 545, 551 (D. Alaska 1983) (when an agency adopts a policy, the adopted policy "loses i[t]s deliberative process protection"); As a result, the agency's implementation documents of a final policy are, by definition, not predecisional, and are therefore not covered by the Deliberative Process Privilege. *Karnoski v. Trump*, 2020 WL 5747812, at *2-5 (W.D. Wash. Sept. 25, 2020) (implementation documents of a final policy are not predecisional deliberations); *see also Vietnam Veterans of Am. v. C.I.A.*, 2012 WL 1895985, at *1 (N.D. Cal. May 23, 2012) (documents that "constitute the working law" of the agency are outside privilege); *see generally United States v. Pac. Gas & Elec. Co.,* 2016 WL 3252779, at *2 (N.D. Cal. June 14, 2016).

That is the case here. The redactions are not internal deliberations about the challenged policy, but [redacted] The document [redacted]

The documents here are not predecisional or deliberative under *Warner*. The Deliberative Process Privilege is designed for "cases where the governmental decisionmaking process is collateral to the plaintiff's suit." *In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998). Its "central purpose "is to foster government decisionmaking by protecting it from the chill of potential disclosure." *Id.* But when Congress creates a cause of action making "the nature of governmental officials' deliberations ***the*** issue, the privilege is a nonsequitur." *Id.* (emphasis original); *see generally Thomas v. Cate,* 715 F. Supp. 2d 1012, 1021 (E.D. Cal. 2010).

So too here. The APA grants Plaintiffs the right to challenge the basis of State's policy as

arbitrary and capricious. And State must defend its policy based on the actual reasons for its actions. It cannot put [redacted] out of reach by invoking the deliberative process privilege.

**II. The Deliberative Process privilege is overcome.**

Even were the deliberative process privilege applicable, it would be overcome in this instance. The privilege is qualified. It may be overcome based on balancing "(1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Warner*, 742. F2d at 1161.

Here, the withheld information goes directly to whether State's policy is arbitrary and capricious. By example, Tao had her visa revoked (either "prudentially" or actually) because she was the victim of a domestic altercation, something she was not arrested or charged for. *see* 2AC (Doc. 127) ¶ 48. And Wu had his visa revoked because he was arrested for graffiti; but those charges were dropped, *id.* ¶ 50, which is apparently not the same thing as having "been found legally not guilty of the crime," *see* Ex. A at R.4.

State's role in this litigation is, of course, as the defendant. When the invoker of the privilege is the person or entity that "was involved in the decision" to implement the challenged policy, *Toomey v. Arizona,* 2022 WL 1452747, at *5 (D. Ariz. May 9, 2022), the third factor favors disclosure. This factor "will normally tip against the government in an APA case where the government is the defendant whose actions are being challenged." *Ctr. for Envtl. Health v. Perdue*, 2019 WL 6114513, at *3 (N.D. Cal. Nov. 18, 2019); see also *Oceana, Inc. v. Ross*, 2020 WL 2128853, at *3 (N.D. Cal. May 5, 2020) (same).

The final factor—"whether the disclosure of a document or communication is likely to have a chilling effect," *Desert Survivors v. US Dep't of the Interior*, 231 F. Supp. 3d 368, 385 (N.D. Cal. 2017)—does not apply here. What State seeks to withhold are not frank discussions about a policy, but [redacted] Without Document 2 [redacted] State could not mass cancel the visas, which was the very purpose of the April 2025 policy. Because the document is essential to State's

policy, there is nothing to be chilled. The only possible chill argument is that State would not be able to implement its policies if [redacted] must be disclosed to courts and to lawyers challenging those policies. And even if [redacted] must be kept from the public and plaintiffs themselves for some reason, an Attorneys Eyes Only label would satisfy such requirement.

Since factors 1 through 3 favor disclosure and factor 4 does not apply (much less outweigh factors 1 through 3), Plaintiffs overcome any proper invocation of the Deliberate Process Privilege.

**III. The Court should review an unredacted version of Document 2 in camera.**

At minimum, the Court should review an unredacted version of Document 2 to determine the applicability of the privilege and whether it is overcome. "In camera review is an appropriate method for courts to consider the applicability of the deliberative process privilege." *California Native Plant Soc'y*, 251 F.R.D. 408, 410-11 (citations omitted).

## CONCLUSION

The Court should order State to provide an unredacted version of Document 2 as part of the Administrative Record. In the alternative, the Court should compel State to provide an unredacted version of Document 2 to the Court in camera so that it can determine whether the privilege justifies State's redactions.

Dated: October 9, 2026

Respectfully submitted,

CHINESE AMERICAN LEGAL DEFENSE ALLIANCE

/s/ *Justin Sadowsky*
JUSTIN SADOWSKY

*Attorney for Plaintiffs*
*Zhuoer Chen, Mengcheng Yu, Jiarong Ouyang, and Gexi Guo*