CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

KENNETH BRAKEBILL (CABN 196696)
Chief, Civil Division

NAG YOUNG CHU (NYBN 5925821)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7478
FAX: (415) 436-7234
Jeremy.Chu@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZHUOER CHEN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security, *et al.*,<br><br>Defendants. | CASE No. 4:25-cv-03292-JSW<br><br>**DEFENDANT RUBIO'S OPPOSITION TO MOTION TO REQUIRE DEFENDANT TO SUPPLEMENT THE ADMINISTRATIVE RECORD**<br><br>Hon. Jeffrey S. White |

## I. INTRODUCTION

Plaintiffs in this action challenge under the Administrative Procedure Act (the "APA") what they allege is a sweeping U.S. Department of State ("DOS") policy of "mass" visa revocations based on National Crime Information Center database hits. Defendant Rubio produced the relevant administrative record, [redacted]. Portions of that document were redacted because they reflect pre-decisional, deliberative agency processes—precisely the type of internal analysis the deliberative process privilege protects. Plaintiffs now seek disclosure of the unredacted document, or at minimum an in camera review.

Yet the governing legal principles foreclose their demand. The deliberative process privilege protects candid agency discussions and internal evaluative criteria used to inform discretionary decisions by government officials. The document at issue is both pre-decisional and deliberative. It outlines analytical steps, identifies factors for consideration, and preserves the decisionmaker's freedom to reach different outcomes. And according to the Ninth Circuit, the administrative record is ordinarily the record designated by the agency, and deliberative materials are not part of the "whole record." Plaintiffs offer no basis for departing from that rule.

Nor does the balancing test support disclosure. The redacted material is not relevant to Plaintiffs' asserted challenge to an alleged "mass revocation" policy, because the document does not mandate revocation in any circumstance and instead describes individualized decisionmaking. At the same time, disclosure would impair the DOS's ability to provide candid guidance to its officers in performing sensitive discretionary functions. Because the challenged redactions fall within the deliberative process privilege, and because Plaintiffs have shown no overriding need for disclosure, the motion to compel should be denied.

## II. RELEVANT BACKGROUND

Plaintiffs in this lawsuit allege that they are challenging a policy by DOS of revoking visas "of all individuals who turned up as a positive hit" in "mass searches for student visa holders on the National Crime Information Center database," which allegedly led to the revocation of Plaintiffs' visas. *See* ECF No. 127 (the "SAC") ¶¶ 32-33, 85-89. In other words, Plaintiffs allege that DOS implemented a "mass

. . . visa termination policy [that is] unsupported by evidence, process, or reason." *Id.* ¶ 33. On September 28, 2026, Defendant Rubio ("Defendant") transferred a certified copy of the relevant administrative record to Plaintiffs, *see* ECF No. 153, and filed the administrative record, with redactions, on October 2, 2026. *See* ECF No. 157; *see also* ECF No. 164 (correction of filing).

As relevant, the administrative record included a document titled "[redacted]." ECF No. 164-2 ("Document 2"). Because this document includes [redacted], Defendant redacted certain portions of Document 2 as deliberative process privileged information. *See* ECF No. 162-3 (privilege log).

Document 2—as redacted—[redacted]. Document 2 at 2. [redacted]. Document at 2-3. [redacted]. *Id.* [redacted] *Id.* at 2. [redacted] *Id.* [redacted]. *See* Document 2 at 3-4.

On October 9, 2026, Plaintiffs filed a motion to require Defendant to produce an unredacted copy of Document 2, or, in the alternative, provide an unredacted copy of Document 2 for the Court's in camera review. ECF No. 168 (the "Motion") at 6.

## III. ARGUMENT

The deliberative process privilege protects from disclosure documents or testimony that "reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated." *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1120-21 (N.D. Cal. 2003) (quoting *FTC v. Warner Communications*, 742 F.2d 1156, 1161 (9th Cir. 1984)). The purpose of the privilege is "to promote frank and independent discussion among those responsible for making governmental decisions and also to protect against premature disclosure of proposed . . . policies or decisions." *Id.*

To qualify for protection under the deliberative process privilege, a document must be (1) "pre-decisional" and (2) "deliberative." *Desert Survivors v. United States Dep't of the Interior*, 231 F. Supp. 3d 368, 379 (N.D. Cal 2017). A document is predecisional if it is "prepared to assist an agency decision-maker in arriving at his decision, and may include recommendations, draft documents, proposals, suggestions, and other subjective documents that reflect the writer's personal opinions of the writer rather than the policy of the agency." *Scalia v. Int'l Longshore and Warehouse Union*, 336 F.R.D. 603, 611 (N.D. Cal. 2020) (citing *Assembly of State of Cal. v. United States Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992), *as amended on denial of reh'g* (Sept. 17, 1992)). And when a document "leaves agency decisionmakers 'free to change their minds' [it] does not reflect the agency's final decision." *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 269 (2021) (citation omitted). Thus, a document is predecisional if it is meant to "assist an agency decisionmaker in arriving at his decision" rather than "set[] forth the reasons for an agency decision already made." *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975).

A document is deliberative if "they contain opinions, recommendations, or advice about agency policies" and if disclosure of the material would reveal an agency's decision-making process that would discourage candid discussions within the agency, thereby hindering the agency's ability to perform its functions. *See United States v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000) (citation modified). Examples of deliberative documents include "documents [that] reflect an agency's preliminary positions about how to exercise discretion on a policy." *Scalia*, 336 F.R.D. at 612 (quoting *United States v. Farley*,

11 F.3d 1385, 1389 (7th Cir. 1993)). There is considerable overlap between the two prongs. *Sierra Club*, 592 U.S. at 268.

**A. The Deliberative Process Privilege Applies to the Redactions at Issue**

The redactions at issue in this Motion are protected by the deliberative process privilege, because they reflect deliberative, pre-decisional agency information intended to be utilized by DOS officials in making individualized final agency actions pursuant to 8 U.S.C. § 1201(i). The redactions here contain descriptions of factors that DOS officials may consider, in their discretion, to evaluate cases before them. They are predecisional because they pre-date a final action on any visa revocation requests. *See Jimenez v. United States Dep't of Homeland Sec.*, No. 19-21546-CIV, 2022 WL 1642460, at *8-9 (S.D. Fla. Feb. 24, 2022) (holding that information regarding State Department communications that pre-date a final determination of the plaintiff's visa adjudication is subject to the deliberative process privilege). And they are deliberative because they provide how to approach the discretionary analysis and how to utilize the internal agency tools for such deliberative decisions. Disclosure of that information would impede the ability of DOS to formulate guidance for its officials by inhibiting candid discussions regarding individualized agency actions.

Notwithstanding Plaintiffs' assertion that they are entitled to the redacted information because they challenge a policy under the APA, the Ninth Circuit has clearly held that "the whole record" under the APA "is ordinarily 'the record the agency presents.'" *Blue Mts. Biodiversity Project v. Jeffries*, 99 F.4th 438, 444-45 (9th Cir. 2024) (*citing Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985)). "Thus, barring 'clear evidence to the contrary,' we 'presume that an agency properly designated the Administrative Record.'" *Id.* at 445 (citation omitted). Moreover, because courts "assess the lawfulness of agency action based on the reasons offered by the agency," "[d]eliberative documents, which are prepared to aid the decision-maker in arriving at a decision, are ordinarily not relevant to that analysis." *Id.* As explained below, Plaintiffs have not established that this case is an exception to that general rule. Because the redacted sentences reflect DOS's thoughts and analysis regarding revocation of visas and contain candid and potentially sensitive information, they have been properly withheld.

**B. The Balancing Test Favors Protection of the Withheld Information**

The deliberative process privilege is a qualified privilege, and "a litigant may obtain the privileged

materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Warner*, 742 F.2d at 1161. "Among the factors to be considered in making this determination are: 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id.*

Document 2—including the redacted portions—are not relevant to Plaintiffs' claims against the alleged DOS policy based on "mass searches for student visa holders on the National Crime Information Center database . . . regardless of the reasoning." *See* SAC ¶ 32. Indeed, as Plaintiffs concede, [redacted]. Nothing in Document 2 mandates a particular outcome. For instance, [redacted]." *See* Document 2 at 2. Hence, the withheld information has no relevance to the issues in this case.

Further, disclosure of the withheld information would hinder frank and independent discussions regarding visa decisions. Plaintiffs attempt to refute this by claiming—without basis—that Document 2 does not contain "frank discussions about a policy, [redacted]." *See* Motion at 5. But, aside from the fact that Document 2 is not "[redacted]," such conclusory assertions cannot override the deliberative process privilege. S*ee Scalia v. Int'l Longshore & Warehouse Union*, 336 F.R.D. 603, 617 (N.D. Cal. 2020).

**IV. CONCLUSION**

For the reasons mentioned above, Plaintiffs' Motion to Compel should be denied.

Date: October 16, 2026

Respectfully submitted,

CRAIG MISSAKIAN
United States Attorney

By: */s/ Nag Young Chu*
NAG YOUNG CHU
Assistant United States Attorney

Attorneys for the Defendant