Keliang (Clay) Zhu (SBN 305509) (czhu@dehengsv.com)
Yi Yao (SBN 292563) (yyao@dehengsv.com)
**DEHENG LAW OFFICES PC**
7901 Stoneridge Drive, Suite 208
Pleasanton, CA 94588
T: 925-399-6702
F: 925-397-1976

Justin Sadowsky – Admitted *Pro Hac Vice*
CHINESE AMERICAN LEGAL DEFENSE ALLIANCE
4250 N Fairfax Drive #600
Arlington, VA 22203
T: 646-785-9154
E: justins@caldausa.org

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZHUOER CHEN, *et al.,*<br><br>Plaintiffs,<br><br>vs.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security, *et al.,*<br><br>Defendants. | Case No. 4:25-cv-03292-JSW<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REQUIRE DEFENDANT MARCO RUBIO TO SUPPLEMENT THE ADMINISTRATIVE RECORD** |

In Plaintiffs' Motion, they explained how Documents #1 and #2 [redacted] Plaintiffs further explained that how State's redactions to these Documents (and, specifically Document #2) were not predecisional deliberations as required by the deliberative process privilege, but [redacted] as to Document #2, the redacted information were [redacted]

[redacted]. Further, Plaintiffs explained why, even if the privilege applied in the first case, it was overcome here, where Plaintiffs were unable to obtain [redacted] from any other source, and State had no enforceable interest in keeping [redacted] secret.

State's argument that the redactions here are deliberative primarily rests on its apparent position that whatever it decides is deliberative must be so. But *Blue Mts. Biodiversity Project v. Jeffries*, 99 F.4th 438, 444-45 (9th Cir. 2024), does not stand for such a striking proposition. Instead, *Blue Mountains* "addresses whether deliberative materials are part of the 'whole record.'" *Id.* at 444. Government deliberations that are not designated part of the record, then, are "ordinarily" not so. *Id.* at 444-45 (relying on the presumption of regularity). But here, Document 2 is part of the record. We know that because State designated it. The question is whether State can redact parts of the record as deliberative. And *Blue Mountains* has nothing to say about that. *See Nat'l TPS All. v. Noem*, 2025 WL 2419266, at *4 (N.D. Cal. Aug. 21, 2025) (*Blue Mountains* does not apply to cases involving "improper classification of documents as deliberative").

Beyond that, the only other case-backed argument State makes that the redactions are deliberative is State's arguments that Document 2 is predecisional of the individual visa revocations. But the case they cite for such a proposition, *Jimenez v. DHS*, 2022 WL 1642460, at *8 (S.D. Fla. Feb. 24, 2022), involves a FOIA request about specific visa revocations. *Id.* at *1. This case involves a challenge to a visa revocation policy. *See* Opinion and Order, Doc. 142, at 7 ("Visa Plaintiffs specifically amended to make clear that the final agency action they challenged is a policy"). And, as the Court can see (in camera if it so wants), the redactions are to the [redacted] That is not predecisional in any meaningful sense.

Even if the redactions were deliberative, of course, the privilege could be overcome. And on that, State's only argument is that the redactions "are not relevant." If this is State's definition of relevance, Plaintiffs are now concerned with State's claims in meet and confer that the redactions in Document 1 were not relevant. But in any event, relevance is broadly construed and for the Court, not defendants in a lawsuit, to decide.

As to State's claim that "Plaintiffs concede" that Document 2 is merely advisory, Plaintiffs of course do no such thing. Part of what was redacted in Document 2 provides [redacted] Other parts of Document 2 are redacted in their entirety, so that Plaintiffs have no idea what those parts say.

**CONCLUSION**

The Court should order State to provide an unredacted version of Document 2 as part of the Administrative Record. In the alternative, the Court should compel State to provide an unredacted version of Document 2 to the Court in camera so that it can determine whether the privilege justifies State's redactions.

Dated: October 20, 2026

Respectfully submitted,
CHINESE AMERICAN LEGAL DEFENSE ALLIANCE

/s/ *Justin Sadowsky*
Justin Sadowsky

*Attorneys for Plaintiffs Zhuoer Chen, Mengcheng Yu, Jiarong Ouyang, and Gexi Gu*