CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

NAG YOUNG CHU (NYBN 5925821)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7478
FAX: (415) 436-7234
Jeremy.Chu@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZHUOER CHEN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security, *et al.*,<br><br>Defendants. | Case No. 4:25-cv-03292-JSW<br>**ORDER GRANTING IN PART ADMINISTRATIVE MOTION TO FILE DEFENDANT RUBIO'S OPPOSITION TO MOTION TO REQUIRE DEFENDANT TO SUPPLEMENT ADMINISTRATIVE RECORD UNDER SEAL**<br><br>Dkt. No. 174 |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Rubio ("Defendant") respectfully requests the Court to enter an order allowing Defendant to file his opposition to Plaintiffs' motion to compel Defendant to supplement the administrative record under seal. Defendant makes this request for the following reasons:

1. The certified administrative record (the "CAR"), which is the focus of the parties' briefing, contains sensitive personal information of Plaintiffs' and third parties, sensitive internal systems information of the U.S. Department of State, and information related to law enforcement.

2. The Ninth Circuit requires compelling reasons to seal records. *Kamakana v. City & Couty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Here, the compelling reasons standard is met. As set forth above, the CAR is replete with protected and sensitive information, including information regarding governmental decisions and processes and immigration status of third parties.

3. Particularly, the document included in the CAR that is at issue in Plaintiffs' motion to compel contains information regarding U.S. Department of State's internal process for visa adjudication and references to internal State Department databases, disclosure of which could jeopardize future visa adjudications and increase the risk of national security threats. ***

4. Given the amount of protected information in the document and the need for free use of that information in this litigation, Defendant respectfully requests an order allowing Defendant to lodge his opposition, which refers to the document at issue, under seal.

Date: October 16, 2026

Respectfully submitted,

CRAIG MISSAKIAN
United States Attorney

By: __/s/ Nag Young Chu_______________
NAG YOUNG CHU
Assistant United States Attorney

Attorneys for the Defendant

**ORDER**

The Court, having considered the Motion to File the Defendant's opposition to Plaintiffs' motion to compel, and good cause appearing therefore, hereby GRANTS IN PART the motion to file under seal. The Court hereby ORDERS that the material referenced in Defendants' Administrative Motion to Seal will be treated as follows:

| Document | Portions Filed Provisionally Under Seal | Court's Ruling |
|---|---|---|
| Defendant's Opposition to Plaintiffs' Motion to Compel Defendant Rubio to Supplement the Administrative Record | Entire Document | **GRANTED, and the Court reserves the right to revisit this ruling as the litigation proceeds.** |

**The motion to seal does not contain sealable information, the Clerk shall unseal Dkt. No. 174.**

IT IS SO ORDERED.

Dated: October 21, 2026

JEFFREY S. WHITE
United States District Judge

*** The Court has not yet ruled on whether the deliberative process protects some of the redacted information, and Defendant's paragraph 3 shall not be construed as such a finding by the Court.