UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

| | |
|---|---|
| ZHUOER CHEN, et al.,<br>Plaintiffs,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Defendants. | Case No. 25-cv-03292-JSW<br>**ORDER DIRECTING DEFENDANT TO PROVIDE ADMINISTRATIVE RECORD DOCUMENTS 1 AND 2 TO COURT FOR IN CAMERA REVIEW**<br>Re: Dkt. Nos. 168, 170-2 (Sealed Version) |

Plaintiffs have filed a motion to compel Defendant Marco Rubio, in his official capacity as Secretary of State ("the State Department") to supplement the administrative record. The State Department has redacted portions of these documents. It claims that redacted portions of Documents 1 and 2 (the "Documents"), which are the subject of Plaintiffs' motion, are protected by the deliberative process privilege. The State Department submits no evidence in support of its position and relies solely on the statements in its privilege log.

The deliberative process privilege "permits the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated." *F.T.C. v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) ("*Warner*") (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)). The central purpose of the deliberative process privilege is "to prevent injury to the quality of agency decisions." *NLRB*, 421 U.S. at 150.

The State Department bears the burden to show the privilege applies, and it must show the Documents meet two requirements. First, they must be "predecisional," *i.e.* they were "generated before the adoption of [the] agency's policy or decision." *Warner*, 742 F.2d at 1169.; *see also Lahr v. NTSB*, 569 F.3d 964, 981 (9th Cir. 2009) ("The documents must be prepared to assist an

agency decision-maker in arriving at a future particular decision.") (cleaned up).

Second, the documents "must be deliberative in nature, containing opinions, recommendations, or advice about agency policies." *Warner*, 742 F.2d at 1161. In general, "[p]urely factual material that does not reflect deliberative processes is not protected." *Id.* However, the privilege can apply if factual material is so interwoven with deliberative material that the former cannot be severed from the latter. *Id.*

The deliberative process privilege is not unqualified. Plaintiffs may obtain "deliberative materials if [their] need for the materials and the need for accurate fact-finding override the" State Department's interest in non-disclosure. *Id.* The Court may consider the following factors to determine if Plaintiffs can overcome the privilege: "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id.*

Because Plaintiffs' claim arises under the Administrative Procedure Act, the Court will be required to "review the whole record, 5 U.S.C. § 706, including all documents and materials directly or indirectly considered by agency decision-makers." *Blue Mts. Biodiversity Project v. Jeffries*, 99 F.4th 438, 444 (9th Cir. 2024) (cleaned up). In *Blue Mountains*, the court rejected the plaintiffs argument that the defendant should have provided a privilege log of deliberative materials that were *not* included in the administrative record. It held that "deliberative materials are generally not part of the [administrative record] absent impropriety or bad faith by the agency." *Id.* (following and citing *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019)).

Here, in contrast, the State Department has placed the Documents in the record and has provided a privilege log. However, the Court does not have sufficient information to determine whether the redacted portions of the Documents are predecisional and deliberative or, if they are, whether Plaintiffs' need for the documents overrides the State Department's interest in withholding the Documents. Accordingly, by no later than October 29, 2026, the State Department shall provide unredacted versions of the Documents to the Court for *in camera* review.

Once it has reviewed these documents, the Court will issue an Order resolving Plaintiffs' motion to compel.

**IT IS SO ORDERED**.

Dated: October 22, 2026

JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California