United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZHUOER CHEN, et al.,

Plaintiffs,

v.

MARKWAYNE MULLIN, et al.,

Defendants.

Case No. 25-cv-03292-JSW

**ORDER GRANTING, IN PART, PLAINTIFFS' MOTION TO COMPEL DEFENDANT RUBIO TO SUPPLEMENT ADMINISTRATIVE RECORD**

Re: Dkt. Nos. 168, 170-2 (Sealed Version)

This matter comes before the Court upon consideration of Plaintiffs' motion to compel Defendant Marco Rubio, in his official capacity as Secretary of State ("the State Department") to supplement the administrative record. The Court has considered the parties' papers, relevant legal authority, the record in this case, and an *in camera* review of two documents that are part of the administrative record. The Court concludes oral argument is not required and GRANTS, IN PART, Plaintiffs' motion.

**BACKGROUND**

Plaintiffs Jing Tao ("Tao"), Yifing Wu ("Wu"), and Wanrong Li ("Li") (collectively "Visa Plaintiffs") were admitted to the United States on F-1 nonimmigrant visas for duration of status. They allege the State Department has a "policy of mass visa terminations" that "constitutes final agency action reviewable under the" APA, is contrary to law, and is arbitrary and capricious in violation of the Administrative Procedure Act. (Second Amended Complaint, ¶ 86.)

On October 2, 2026, the State Department filed the Administrate Record, which consists of eleven documents.[1] (*See* Dkt. No. 162-2, Index for Administrative Record ("Index").) Many of

[1] On October 21, 2026, the Court granted the State Department's motion to seal the Administrative Record, reserving the right to revisit that ruling. (*See* Dkt. No. 177.)

the documents included in the Administrative Record have been redacted, including Documents 1 and 2 (collectively the "Documents"), which are the subject of this Order.

Document 1 is entitled "Department of State Revocations Process Map", and Document 2 is entitled "Department of State SOP for Handling 'Cases Under Review…". (Index at 1.)[2] The State Department asserted the deliberative process privilege over most of the redacted portions of those documents. (*See* Dkt. No. 162-3, Privilege Log.) Plaintiffs argued the deliberative process privilege did not apply to Document 2 and moved to compel the State Department to provide them with an unredacted version of Document 3.

Plaintiffs also asserted, albeit in a footnote, that the State Department incorrectly redacted Document 1 based on the deliberative process privilege. Plaintiffs also stated that counsel for the State Department "represented to Plaintiffs that all redactions in the [process map] are to either parts that are irrelevant to this case or to personal identifiable information." (Mot. at 3 n.6.) Plaintiffs took counsel's word about redactions based on relevance based on his duty of candor to the Court. (*Id.*)

The Court will address additional facts as necessary in the analysis.

**ANALYSIS**

**A. Applicable Legal Standard.**

The deliberative process privilege "permits the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated." *F.T.C. v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) ("*Warner*") (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)). The central purpose of the deliberative process privilege is "to prevent injury to the quality of agency decisions." *NLRB*, 421 U.S. at 150.

The State Department bears the burden to show the privilege applies, and it must show the Documents meet two requirements. First, they must be "predecisional," *i.e.* they were "generated before the adoption of [the] agency's policy or decision." *Warner*, 742 F.2d at 1169; *see also*

[2] The entire title for Document 2 is not in the public record. (Index at 1.)

*Lahr v. NTSB*, 569 F.3d 964, 981 (9th Cir. 2009) ("The documents must be prepared to assist an agency decision-maker in arriving at a future particular decision.") (cleaned up).

Second, the documents "must be deliberative in nature, containing opinions, recommendations, or advice about agency policies." *Warner*, 742 F.2d at 1161. In general, "[p]urely factual material that does not reflect deliberative processes is not protected." *Id.* However, the privilege can apply if factual material is so interwoven with deliberative material that the former cannot be severed from the latter. *Id.*

The deliberative process privilege is not unqualified. Plaintiffs may obtain "deliberative materials if [their] need for the materials and the need for accurate fact-finding override the" State Department's interest in non-disclosure. *Id.* The Court may consider the following factors to determine if Plaintiffs can overcome the privilege: "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id.*

**B. The Court Grants, in part, Plaintiffs' motion.**

Apart from its privilege log, the State Department did not submit evidentiary support for its assertion of the deliberative process privilege. The State Department argues that deliberative documents are generally not relevant to the analysis in an APA case and argues the Court should presume it "properly designated the Administrative Record." *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024). In that case, the court stated that "[b]ecause deliberative materials are not part of the administrative record to begin with, they are not required to be placed on a privilege log." *Id.* Here, however, the State Department did not withhold the documents in their entirety. It also chose to include a privilege log. *Compare Blue Mtns.*, 99 F.4th at 445 (holding district court did not abuse discretion when it did not require government to produce a privilege log). Instead, the Court concludes "the appropriate way to address these circumstances is through in camera review," which it has done, "and a rigorous application of the balancing test set forth *Warner*." *Desert Survivors v. U.S. Dep't of Labor*, 231 F. Supp. 3d 368, 382-83 (N.D. Cal. 2017).

United States District Court
Northern District of California

The Court upholds the redactions of the names of individuals in Document 1 and the redactions of internal databases in both Documents 1 and 2. However, even if the State Department has demonstrated that the remaining redactions in Documents 1 and 2 are properly subject to the deliberative process privilege, the Court concludes the *Warner* factors weigh in favor of disclosure to Plaintiffs.

First, the State Department appears to have redacted information "based on the nature of the information it discloses to Plaintiffs rather than because the redactions reflect pre-decisional deliberations. … This is not how the deliberative process works. Either [the State Department] is asserting the privilege with respect to pre-decisional deliberations within a document or it is not; it cannot selectively assert the privilege within the same document to shield only the most relevant information" *Vietnam Veterans of Am. v. C.I.A.*, No. 09-cv-0037 CW (JSC), 2012 WL 1895985, at *3 (N.D. Cal. May 23, 2012). The Court concludes the information the State Department has redacted is relevant to Plaintiffs' assertion of and challenge to the alleged policy of mass terminations.

The second *Warner* factor also weighs in favor of disclosure. The State Department does not suggest Plaintiffs would be able to obtain this information elsewhere. The third factor "will normally tip against the government in an APA case where the government is the defendant whose actions are being challenged." *Ctr. for Env. Health v. Perdue*, No. 18-cv-01763-RS (TSH), 2019 WL 6114513, at *3 (N.D. Cal. Nov. 18, 2019). The record in this case does not suggest that a deviation from the norm is appropriate.

Finally, the Court has considered whether "disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Warner*, 762 F.2d at 1161. The answer to that question "need not" be "uniform." *Desert Survivors*, 231 F. Supp. 3d at 385. On balance, the Court concludes the disclosure of the redacted information would not cause "injury to the quality of" of the State Department's decisions. *NLRB*, 421 U.S. at 150. In addition, any concerns about whether the public or the named Plaintiffs should have access to the documents can be resolved by producing the unredacted versions subject to the terms of the Protective Order issued in this case.

United States District Court
Northern District of California

**CONCLUSION**

Accordingly, the Court GRANTS, IN PART, Plaintiffs' motion to compel. The parties shall meet and confer regarding the appropriate designation for Documents 1 and 2, and the State Department shall produce unredacted versions to counsel for Plaintiffs by no later than November 13, 2026. The Court will keep the unredacted versions of the documents under seal at this time and reserves the right to revisit that ruling as the litigation proceeds.

**IT IS SO ORDERED**.

Dated: November 2, 2026

JEFFREY S. WHITE
United States District Judge