CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
KENNETH BRAKEBILL (CABN 196696)
Chief, Civil Division
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Facsimile: (415) 436-6748
pamela.johann@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHUOER CHEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>Defendants. | No. 3:25-cv-03292-JSC<br><br>**NOTICE OF SETTLEMENT WITH REGARD TO ALL CLAIMS AGAINST DEFENDANTS MARKWAYNE MULLIN AND DAVID J. VENTURELLA** |

The parties respectfully notify the Court that they have entered into a final Settlement Agreement between Plaintiffs Zhuoer Chen, Mengcheng Yu, Jiarong Ouyang, Jing Tao, Yifeng Wu, and Wanrong Li ("Plaintiffs") and Defendants Markwayne Mullin, in his official capacity as Secretary of the Department of Homeland Security ("DHS"), and David J. Venturella, in his official capacity as Acting Director of Immigration and Customs Enforcement ("ICE") ("DHS Defendants"). The Settlement Agreement fully resolves the claims brought against the DHS Defendants in the above-captioned litigation. The Fifth Claim for Relief against Defendant Marco Rubio remains pending. A true and correct copy of the Settlement Agreement is attached to this Notice as Exhibit A.

**CERTIFICATION**

In accordance with Civil Local Rule 5-1(i)(3), the filer of this document attests that all signatories listed below concur in the filing of this document.

DATED: November 10, 2026

CHINESE AMERICAN LEGAL DEFENSE ALLIANCE

*/s/ Justin Sadowsky*
JUSTIN SADOWSKY

Attorneys for Plaintiffs Zhuoer Chen, Mengcheng Yu, Jiarong Ouyang, Jing Tao, Yifeng Wu, and Wanrong Li

DATED: November 10, 2026

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Pamela T. Johann*
PAMELA T. JOHANN
Assistant United States Attorney

Attorneys for the DHS Defendants

# Exhibit A

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
KENNETH BRAKEBILL (CABN 196696)
Chief, Civil Division
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Facsimile: (415) 436-6748
pamela.johann@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHUOER CHEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>Defendants. | No. 3:25-cv-03292-JSC<br><br>**STIPULATION OF SETTLEMENT** |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs Zhuoer Chen, Mengcheng Yu, Jiarong Ouyang, Jing Tao, Yifeng Wu, and Wanrong Li ("Plaintiffs") and Defendants Markwayne Mullin, in his official capacity as Secretary of the Department of Homeland Security ("DHS"), and David J. Venturella, in his official capacity as Acting Director of Immigration and Customs Enforcement ("ICE")[1] ("DHS Defendants") (together, the "Parties"), in full resolution of the claims against the DHS Defendants asserted in the civil action captioned *Chen, et al. v. Mullin, et al.*, No. 25-cv-03292-JSW (N.D. Cal.), under the terms and conditions set forth in this Stipulation of Settlement (the "Agreement"), as follows:

1. **Substantive Terms**.

[1] Acting ICE Director David Venturella is automatically substituted as a defendant in this matter pursuant to Federal Rule of Civil Procedure 25(d).

a. DHS and ICE will not arrest or detain the named six *Chen* Plaintiffs and any other individuals affected by the Student Criminal Alien Initiative (SCAI) ("SCAI Individuals") based solely on the termination in March/April 2025 and re-activation in April/May 2025 of their SEVIS records. For purposes of this settlement, "SCAI Individuals" does not include those individuals who subsequently received a Notice to Appear ("NTA") and entered into removal proceedings prior to January 1, 2026; or those individuals whose SEVIS records were terminated in March/April 2025 but <u>not</u> in relation to the SCAI. The termination of a SEVIS record does not equate to a revocation of status.

b. DHS and ICE will not impose any adverse legal consequences on the SCAI Individuals based solely on the termination in March/April 2025 and subsequent reactivation in April/May 2025 of their SEVIS records.

c. The April/May 2025 reactivation of the SCAI Individuals' SEVIS records is considered retroactive to the date of the initial termination in March/April 2025, such that there is no gap or lapse in the SEVIS records. Although the event history in SEVIS will memorialize whatever modifications are made to the SEVIS records, the effect of the retroactive activations is as though the terminations did not happen.

d. DHS and ICE will not reverse the April/May 2025 reactivation of the SEVIS records of the SCAI Individuals for reasons not set forth in 8 C.F.R. § 214.1, unless they fail to maintain status as set forth under 8 C.F.R. § 214.2(f).

2. **<u>Settlement Amount</u>**. The DHS Defendants agree to pay Plaintiffs a total sum of $38,000 (thirty-eight thousand dollars and zero cents) (the "Settlement Amount") in full resolution of any claims for attorneys' fees, costs, and litigation expenses arising out of the claims asserted against the DHS Defendants in the above-captioned matter and all appeals thereof. This payment shall constitute full and final satisfaction of any and all of Plaintiffs' claims for attorneys' fees, costs, and litigation expenses for all phases of litigation against the DHS Defendants in the above-captioned matter, including Ninth Circuit Appeal No. 25-4521, and is inclusive of any interest. Payment of this money will be made by electronic funds transfer after receipt of necessary information from counsel for Plaintiffs in order to effectuate the payment. The DHS Defendants will begin processing payment promptly once the Settlement Agreement is executed by all the signatories, Defendants receives the signed Stipulation of

Dismissal, and Plaintiffs provide all necessary information in order to effectuate payment.

3. **Release**. In consideration of the payment of the Settlement Amount and the other terms set forth in this Agreement, Plaintiffs hereby release and forever discharge the DHS Defendants, their successors, the United States of America (the "United States"), any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, in their official and individual capacities, from any and all claims and causes of action that Plaintiffs asserted or could have asserted, or which hereafter could be asserted, with respect to or arising from the allegations underlying the First, Second, Third, and Fourth Claims for Relief in the Second Amended Complaint filed in this litigation, including but not limited to all past, present, or future claims for attorneys' fees, costs, or litigation expenses in connection with all phases of the above-captioned litigation with respect to the claims against DHS. This release does not encompass the Fifth Claim for Relief asserted in the Second Amended Complaint.

4. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, having been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights Plaintiffs may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiffs understand that, if the facts concerning any injuries, liability for damages pertaining thereto, or liability for attorneys' fees, costs or litigation expenses are found hereafter to be other than or different than the facts now believed by Plaintiffs to be true, this Settlement Agreement shall be and remain effective notwithstanding such material difference.

5. **Dismissal**. In consideration of the payment specified in paragraph 2 and the other terms of this Settlement Agreement, simultaneously with Plaintiffs' execution of this Agreement, Plaintiffs will execute a Stipulation of Dismissal with Prejudice and Request to Dissolve Preliminary Injunction in the form attached hereto as Exhibit 1 and deliver the signed Stipulation of Dismissal to Defendants'

counsel. The Stipulation of Dismissal shall stipulate that Claims One, Two, Three, and Four of the above-captioned action are dismissed with prejudice and that the action is dismissed with prejudice with respect to the DHS Defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), with each side bearing its own costs, expenses, and fees, except as provided for in the Parties' settlement agreement. The stipulation will further request that the Court dissolve the Preliminary Injunction entered on May 22, 2026, Dkt. No. 53. Either party shall have the right to file the Stipulation of Dismissal with the Court upon receipt by Plaintiffs' attorney of the payment specified in paragraph 2.

6. **No Admission of Liability**. The Parties acknowledge that this Settlement Agreement is entered into solely for the purpose of settling and compromising any remaining claims in this action without further litigation, and it shall not be construed as evidence or as an admission of liability or fault on the part of Defendants, the United States, or any of their past and present officials, agents, employees, or attorneys regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim, raised in this action, or as evidence or as an admission by the Defendants regarding Plaintiffs' eligibility for or entitlement to attorneys' fees, costs, or other litigation expenses. This Settlement Agreement shall not be used in any manner to establish liability for fees or costs in any other case or proceeding involving Defendants.

7. **Severability**. If any provision of this Settlement Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

8. **Integration**. This instrument shall constitute the entire Agreement between the Parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the Parties. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified, or otherwise changed in any respect except by writing, duly executed by all Parties or their authorized representatives.

9. **Authority**. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Settlement Agreement. Plaintiff's undersigned counsel represents that he is authorized to sign on behalf

of Plaintiff. Undersigned counsel further represents that Plaintiff agrees and understands she is accepting this agreement freely, voluntarily, and with no degree of duress or compulsion. Finally, Plaintiff's counsel represents that Plaintiff understands and agrees that this Agreement is effective when executed by all parties.

10. **Choice of Law**. This Agreement is governed by the laws of the United States.

11. **Construction**. Each party hereby agrees that it has participated in the preparation of this Settlement Agreement, had the opportunity to seek counsel regarding the contents of this Settlement Agreement, is fully aware of and understands all the terms of the Settlement Agreement and the legal consequences thereof, and enters into this Settlement Agreement knowingly and voluntarily. For purposes of construction, this Settlement Agreement shall be deemed to have been drafted by all Parties to this Settlement Agreement and shall not, therefore, be construed against any party for that reason in any subsequent dispute.

12. **Execution in Counterparts**. It is contemplated that this Settlement Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

DATED: November 06, 2026

Zhuoer Chen
ZHUOER CHEN

DATED: November 06, 2026

MENGCHENG YU

DATED: November 06, 2026

JIARONG OUYANG

DATED: November ___, 2026

JING TAO

DATED: November 06, 2026

YIFENG WU

DATED: November 06, 2026

WANRONG LI

DATED: November 10 , 2026

CHINESE AMERICAN LEGAL DEFENSE ALLIANCE

JUSTIN SADOWSKY

Attorneys for Plaintiffs Zhuoer Chen, Mengcheng Yu, Jiarong Ouyang, Jing Tao, Yifeng Wu, and Wanrong Li

DATED: November 5, 2026

CRAIG H. MISSAKIAN
United States Attorney

Digitally signed by PAMELA JOHANN
Date: 2026.11.05 16:14:43 -08'00'

PAMELA T. JOHANN
Assistant United States Attorney

Attorneys for the DHS Defendants

# Exhibit 1

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
KENNETH BRAKEBILL (CABN 196696)
Chief, Civil Division
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Facsimile: (415) 436-6748
pamela.johann@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHUOER CHEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>Defendants. | No. 3:25-cv-03292-JSC<br><br>**STIPULATION OF DISMISSAL WITH PREJUDICE WITH REGARD TO ALL CLAIMS AGAINST DEFENDANTS MARKWAYNE MULLIN AND DAVID J. VENTURELLA AND STIPULATED REQUEST AND [PROPOSED] ORDER DISSOLVING PRELIMINARY INJUNCTION** |

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and Civil Local Rule 7-12, Plaintiffs Zhuoer Chen, Mengcheng Yu, Jiarong Ouyang, Jing Tao, Yifeng Wu, and Wanrong Li ("Plaintiffs") and Defendants Markwayne Mullin, in his official capacity as Secretary of the Department of Homeland Security ("DHS"), and David J. Venturella, in his official capacity as Acting Director of Immigration and Customs Enforcement ("ICE")[1] ("DHS Defendants"), by and through their undersigned counsel of record, hereby stipulate and agree as follows:

1. Plaintiffs voluntarily dismiss all claims against the DHS Defendants in the above-captioned action with prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.

[1] Acting ICE Director David Venturella is automatically substituted as a defendant in this matter pursuant to Federal Rule of Civil Procedure 25(d).

Plaintiffs voluntarily dismiss with prejudice the First, Second, Third, and Fourth Claims for Relief in the Second Amended Complaint. The Fifth Claim for Relief against Defendant Marco Rubio is not dismissed. Each party shall bear its own costs, expenses, and fees, except as provided for in the Parties' settlement agreement.

2. The parties respectfully request that the Court dissolve the Preliminary Injunction entered on May 22, 2026, Dkt. No. 53.

IT IS SO STIPULATED.

**CERTIFICATION**

In accordance with Civil Local Rule 5-1(i)(3), the filer of this document attests that all signatories listed below concur in the filing of this document.

DATED: November ___, 2026

CHINESE AMERICAN LEGAL DEFENSE ALLIANCE

______________________________
JUSTIN SADOWSKY

Attorneys for Plaintiffs Zhuoer Chen, Mengcheng Yu, Jiarong Ouyang, Jing Tao, Yifeng Wu, and Wanrong Li

DATED: November ___, 2026

CRAIG H. MISSAKIAN
United States Attorney

______________________________
PAMELA T. JOHANN
Assistant United States Attorney

Attorneys for the DHS Defendants

**[PROPOSED] ORDER**

Pursuant to the stipulation of the parties, IT IS SO ORDERED. The preliminary injunction entered on May 22, 2026, Dkt. No. 53, is hereby DISSOLVED.

DATED:__________________

______________________________________
HON. JACQUELINE SCOTT CORLEY
United States District Judge